**Troy LIGGIN, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 34A02–9511–CR–693.**

Court of Appeals of Indiana.

May 20, 1996.

William C. Menges, Jr., Howard County Public Defender, Kokomo, for Appellant.

Pamela Carter, Attorney General, James D. Dimitri, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

FRIEDLANDER, Judge.

Troy Liggin appeals an order of the Howard Circuit Court setting aside its previous order granting Liggin's petition for shock probation, presenting the following restated issue for review:

Did the trial court err in determining that it was without authority to modify Liggin's sentence?

We affirm.

The facts favorable to the judgment are that on October 15, 1993, Liggin was charged with aggravated battery and criminal recklessness stemming from a shooting incident. Liggin was arrested and spent one day in jail before being released on bond. While on bond, Liggin was arrested and ultimately convicted of operating a motor vehicle while intoxicated (OWI) and criminal recklessness. On March 3, 1994, Liggin was sentenced to three years imprisonment for each conviction stemming from the OWI incident, with the sentences to run concurrently. On February 28, 1994, Liggin agreed to a plea arrangement in the case stemming from the shooting incident whereby he would plead guilty to aggravated battery in exchange for which the State agreed to dismiss the criminal recklessness charge. Pursuant to the proposed plea agreement, sentencing was left to the court's discretion, but the executed sentence was not to exceed thirteen years. On March 30, 1994, the trial court accepted the plea agreement and entered judgment against Liggin on the aggravated battery charge. The court sentenced Liggin to twelve years and ordered that the sentence be served consecutive to the sentence imposed upon the OWI convictions.

On February 10, 1995, Liggin petitioned for shock probation, seeking modification of the twelve-year sentence. On March 29, 1995, the court granted the petition and reduced the sentence to ten years, seven years suspended to probation, and further modified the sentence to run concurrent with the OWI sentence. On April 17, 1995, the State filed a Motion to Correct Erroneous Sentence, based upon two grounds. First, the State contended that the court lacked authority under the shock probation statute to modify the sentence because Liggin had not yet begun to serve that sentence. Secondly, the State contended that the trial court erred in modifying the sentence to run concurrent with the OWI sentence because the imposition of consecutive sentences was mandatory under relevant statutory guidelines. The trial court granted the State's Motion to Correct Erroneous Sentence.

Liggin concedes that the trial court's original modification order was erroneous in directing that the aggravated battery sentence be served concurrent with the OWI sentence. Liggin was released on bond at the time he committed the aggravated battery offense. In such cases, the trial court must impose

consecutive sentences. *See* Ind.Code Ann. § 35–50–1–2(d) (West Supp.1995). Accordingly, this aspect of the order setting aside the sentence modification was correct.

Liggin contends that the trial court erred in determining that it was without authority to grant shock probation. The extent of a trial court's authority to grant shock probation is set out in Ind.Code Ann. § 35–38–1–17(a) (West Supp.1995), which states:

**35–38–1–17 Reduction or suspension of sentence**

Sec. 17. (a) Within three hundred sixty-five (365) days after:

(1) the defendant begins serving his sentence;

(2) a hearing at which the defendant is present and of which the prosecuting attorney has been notified; and

(3) obtaining a report from the department of correction concerning the defendant's conduct while imprisoned;

the court may reduce or suspend the sentence. The court must incorporate its reasons for the record.

The State argued that the trial court erred in granting Liggin's motion for shock probation because the conditions of § 35–38–1–17(a) had not been met. Specifically, the State contended that the modification petition was not filed within the time frame set out in subsection (a)(1).

Liggin began serving his three-year sentence for the OWI conviction on March 30, 1994. The twelve-year sentence for the aggravated battery conviction was to be served consecutive to the three-year sentence. Therefore, on March 29, 1995, Liggin had not yet begun to serve the second sentence, which was the subject of the trial court's modification order. Liggin responds that the 365–day period began running when the sentence was *imposed,* not when he began serving the sentence. Therefore, because Liggin's sentence was imposed 364 days before the modification, he contends that the trial court had authority to modify the sentence.

Liggin's interpretation of the relevant triggering event is at odds with the plain meaning of IC § 35–38–1–17(a), which does not mention the imposition of sentence but instead states that the court may modify a sentence "after ... the defendant begins serving his sentence." Nevertheless, Liggin cites in support of his position *Sanders v. State,* 638 N.E.2d 840 (Ind.Ct.App.1994). In *Sanders,* this court affirmed the trial court's determination that it could not modify the defendant's sentence more than 365 days after it had been imposed unless the prosecutor consented to the modification. Liggin notes that in *Sanders,* this court stated, "Pursuant to I.C. 35–38–1–17(a), a trial judge may order 'shock probation' within 365 days after a sentence is imposed." *Id.* at 841. We observe that the above statement was not central to the holding in that case and thus constituted dicta. In any event, and regardless of how it is characterized, it was an inaccurate summarization of the present statute's contents and thus an incorrect statement of the law.

■■■ When construing a statute we must give the statute its apparent and obvious meaning. *Williams v. State,* 600 N.E.2d 962 (Ind.Ct.App.1992). The predecessor to IC § 35–38–1–17 stated that the court could reduce or suspend a defendant's sentence "within one hundred eighty (180) days after it imposes a sentence". *See* Ind.Code Ann. § 35–4.1–4–18 (repealed 1983). However, in 1983 the statute was amended to provide that the modification could occur "within 180 days after ... the defendant begins serving his sentence", thus unambiguously changing the triggering event from the imposition of the sentence to the commencement of serving the sentence. The present statute is the same as the 1983 amended version in all relevant respects except that in 1991 the Indiana General Assembly changed the time period from 180 days to 365 days. Thus, the current version of the statute specifies that a trial court may modify a sentence within 365 days after the defendant begins serving his sentence. In the instant case, Liggin had not yet begun serving the sentence at the time the trial court purported to modify it. Therefore, the conditions of IC § 35–38–1–17(a) were not present, the trial court was without authority to modify the sentence, and erred originally in doing so. The trial court

properly granted the State's Motion to Correct Erroneous Sentence.

Judgment affirmed.

KIRSCH and STATON, JJ., concur.