**STATE of Indiana, Appellant–
Respondent,**

v.

**Michael PORTER, Appellee–Petitioner.**

**No. 82A01–9908–CR–287.**

Court of Appeals of Indiana.

March 30, 2000.

Publication Ordered May 19, 2000.

Concurring Opinion of Judge Sullivan
May 22, 2000.

Jeffrey A. Modisett, Attorney General of Indiana, Priscilla J. Fossum, Deputy Attorney General, Indianapolis, Attorneys for Appellant.

Lawrence L. Grimes, Bowers, Harrison, Kent & Miller, Evansville, Attorney for Appellee.

## OPINION

BAKER, Judge.

Appellant-respondent the State of Indiana challenges the trial court's modification of appellee-petitioner Michael Porter's sentence. Specifically, the State argues that the court erroneously modified Porter's sentence without the prosecutor's approval and more than 365 days after Porter began serving his original sentence.

### FACTS

On March 17, 1997, Porter pled guilty to Battery, as a Class B felony. The trial court accepted his plea and on June 5, 1997, sentenced Porter to twenty years in the Department of Correction. However, on June 10, 1997, the trial court granted Porter's petition for modification and, over the State's objection, placed him in a community corrections program. Following a violation of the facility's rules and a petition by the deputy director of the corrections program, the trial court revoked Porter's placement in the program and ordered him back to the Department of Correction for the remainder of his sentence, on October 2, 1997.

On January 26, 1999, Porter again petitioned the trial court to modify his sentence. The State objected in writing to the modification on March 11 and objected orally at the modification hearing on April 26. Despite the State's objections, the trial court granted the petition and ordered Porter's immediate placement in the Vanderburgh County Community Corrections Complex, on the condition that he obtain a job within thirty days. The State filed a motion to correct error on May 10, 1999, arguing that the trial court lacked authority to modify the sentence, pursuant to IND. CODE § 35–38–1–17(b). The trial court held a hearing on the motion and took the matter under advisement on May 24. As the trial court failed to rule on the motion, it was deemed denied by operation of law, Ind. Trial Rule 53.3(A), on June 23, 1999. The State now appeals.

### DISCUSSION AND DECISION

After issuing a final judgment, a trial court retains only such continuing jurisdiction as permitted by the judgment or granted to the court by statute or rule. *Schweitzer v. State*, 700 N.E.2d 488, 492 (Ind.Ct.App.1998), *trans. denied.* I.C. § 35–38–1–17(b) grants a trial court jurisdiction to modify a sentence as follows:

> (b) If more than three hundred sixty-five (365) days have elapsed since the defendant began serving the sentence and after a hearing at which the convicted person is present, the court may reduce or suspend the sentence, subject to the approval of the prosecuting attorney. The court must give notice of the order to reduce or suspend the sentence under this section to the victim (as defined in IC 35–35–3–1) of the crime for which the defendant is serving the sentence.

Therefore, upon expiration of the 365–day limit outlined in I.C. § 35–38–1–17(b), "notwithstanding any petitions filed by the defendant, the court loses further jurisdiction over the defendant insofar as the alteration of his sentence is concerned." *Beanblossom v. State*, 637 N.E.2d 1345, 1347 (Ind.Ct.App.1994), *trans. denied.* If the prosecuting attorney should acquiesce in the motion for sentence modification under subsection (b) of the statute, the decision to grant or deny the motion is

within the trial court's discretion. On the other hand, if the prosecuting attorney should oppose the motion for sentence modification, the trial court lacks authority to modify the sentence. *Schweitzer*, 700 N.E.2d at 492.

▪ Here, Porter filed his petition for sentence modification, pursuant to I.C. § 35–38–1–17, well beyond the 365–day period. Further, the prosecuting attorney expressly opposed the petition. Therefore, it is apparent that the trial court overstepped the limited authority it was granted in I.C. § 35–38–1–17(b) to modify a sentence.[1]

Judgment reversed.

KIRSCH, J., concurs.

SULLIVAN, J., concurs in result, with opinion.

SULLIVAN Judge, concurring in result.

The majority decision computes the statutory 365 day limitation on the authority of the trial court to modify the sentence from June 5, 1997, the date of imposition of the original sentence. In this regard, the majority appropriately considers the order of April 26, 1999, to be a modification of the original sentence.[2] However, if the change in placement from the DOC to the Community Corrections Complex ordered April 26, 1999, constituted a statutory modification, then the same construction should be afforded to the October 2, 1997 modification, which changed the Community Corrections placement of June 10, 1997, back to the DOC.

The sentence in effect as of the date of the most recent modification was the sentence as set forth in the October 2, 1997 order. The permissible 365–day statutory period for further modification expired October 1, 1998. I therefore agree that the modification of April 26, 1999, came too late. In doing so, however, I do not retreat from the position taken in my separate opinion in *Schweitzer v. State*, 700 N.E.2d 488, 492 (Ind.Ct.App.1998) *et seq., trans. denied.*

*ORDER*

This Court having heretofore handed down its opinion in this case marked Memorandum Decision, Not for Publication; and

Comes now the Appellant, by counsel, and files herein its Motion to Publish, alleging therein that publication of the opinion would assist both trial courts and this Court to understand that the placement of a convict into community corrections is a sentence modification pursuant to I.C. 35–36–1–17(b), which said Motion to Publish is in the following words and figures, to-wit:

(H.I.)

And the Court, having examined said Motion and being duly advised, now finds that the same should be granted.

IT IS THEREFORE ORDERED as follows:

1. The Appellant's Motion to Publish is granted and this Court's opinion heretofore handed down in this cause on March 30, 2000, marked Memorandum Decision,

---

1. We note that we are unpersuaded by Porter's argument that the trial court only altered the placement of his sentence and did not reduce or suspend his sentence. This argument appears to be premised on the mistaken assumption that I.C. § 35–38–1–17 limits, rather than grants, a trial court's power to alter a sentence. As stated above, after final judgment, a trial court retains only such continuing jurisdiction as permitted by the judgment or granted to the court by statute or rule. *Schweitzer*, 700 N.E.2d at 492. Therefore, even assuming arguendo that the change

in placement did not effectively reduce or suspend Porter's sentence, Porter fails to cite to any statute or rule that would grant the trial court continuing jurisdiction to make such an alteration in placement.

2. The statutory authorization for placement in a community corrections program is an alternative to commitment to the Department of Correction and is in conjunction with a suspension of the sentence. I.C. 35–38–2.6–3 and –4.

Not for Publication, is now ordered published;

2. The Clerk of this Court is directed to send copies of said opinion together with copies of this order to the West Publishing Company and all other services to which published opinions are normally sent, together with sending copies to all counsel of record in this cause.

All panel judges concur.