**Dale REDMOND, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A02–0808–CR–761.**

Court of Appeals of Indiana.

Jan. 28, 2009.

Transfer Denied April 2, 2009.

Hillary Bowe Ricks, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Michael Gene Worden, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

VAIDIK, Judge.

**Case Summary**

A decade after he was sentenced to consecutive sentences under the same cause number (and soon after he began serving his second sentence), Dale Redmond filed a motion to modify his second sentence pursuant to Indiana Code § 35–38–1–17(a). The trial court denied the motion, and Redmond appeals. Concluding that Indiana Code § 35–38–1–17(a) requires a defendant to file a motion to modify within 365 days after he begins serving the *entire* sentence imposed him (and not individual sentences under the same cause number) and the triggering date is the date the trial court imposes the sentence, we affirm the trial court.

**Facts and Procedural History**

In June 1998, the State charged Redmond with Class A felony burglary, two counts of Class B felony robbery, and three counts of Class C felony battery. A

jury found him guilty as charged. The trial court did not enter judgment of conviction for Class A felony burglary.

On September 25, 1998, the trial court sentenced Redmond to twenty years for each count of robbery, to be served concurrently. The court also sentenced him to 180 days for two of the counts of battery (entered as Class B misdemeanors) and ordered them to be served concurrent to the robbery sentences. However, for the last count of battery, the court sentenced Redmond to eight years and ordered it to be served consecutive to the robbery sentences.

On February 5, 2008, Redmond filed a motion to modify his sentence pursuant to Indiana Code § 35–38–1–17. In his motion, Redmond stated that he had completed his twenty-year robbery sentences on January 7, 2008, and had just begun serving his eight-year battery sentence. Redmond therefore argued that he was within the one-year period in which to file a statutory motion to modify that did not require the approval of the prosecutor. Following a hearing, the trial court denied Redmond's motion, determining it was without authority to modify his sentence. *See* Appellant's App. p. 73–74. Redmond now appeals.

### Discussion and Decision

■ Redmond contends that the trial court erred in denying his motion to modify his sentence because the court, in fact, had the authority to do so. In 1998, Redmond was sentenced to serve consecutive sentences under the same cause number. He completed his twenty-year robbery sentences on January 7, -2008, *id.* at 60, and then began serving his eight-year battery sentence. Less than a month later, on February 5, 2008, he filed a motion to modify his battery sentence pursuant to Indiana Code § 35–38–1–17, which provides, in pertinent part:

(a) Within three hundred sixty-five (365) days after:

(1) a convicted person begins serving the sentence imposed on the person;

(2) a hearing is held:

(A) at which the convicted person is present; and

(B) of which the prosecuting attorney has been notified; and

(3) the court obtains a report from the department of correction concerning the convicted person's conduct while imprisoned;

the court may reduce or suspend the sentence. The court must incorporate its reasons in the record.

(b) If more than three hundred sixty-five (365) days have elapsed since the convicted person began serving the sentence and after a hearing at which the convicted person is present, the court may reduce or suspend the sentence, subject to the approval of the prosecuting attorney.

Redmond argues that pursuant to Indiana Code § 35–38–1–17(a), because he filed his motion to modify within 365 days of beginning to serve his battery sentence, the trial court had the authority to modify his sentence. In support, Redmond relies on *Liggin v. State*, 665 N.E.2d 618 (Ind.Ct.App. 1996).

In *Liggin*, the trial court sentenced Liggin in 1994 to three years under one cause number and twelve years under another cause number. The court ordered the sentences under the two cause numbers to be served consecutively. In 1995, Liggin filed a motion to modify his twelve-year sentence, which was his second sentence to be served. On March 29, 1995, the trial court granted the motion and reduced Liggin's twelve-year sentence and ordered it to be served concurrent to his three-year sentence. Thereafter, the State filed a motion

to correct erroneous sentence, arguing that the court lacked authority under the statute to modify Liggin's twelve-year sentence because Liggin had not yet begun serving it. The trial court granted the State's motion, and Liggin appealed.

On appeal, we noted that Liggin began serving his three-year sentence under the first cause number on March 30, 1994. Therefore, on March 29, 1995, Liggin had not yet begun to serve his twelve-year sentence under the second cause number, which was the subject of his motion to modify. However, Liggin argued that the 365–day period began running when that sentence was "imposed," not when he began serving it. Therefore, he argued that because his twelve-year sentence was imposed 364 days before the modification, the trial court had the authority to modify it.

We, however, held that "Liggin's interpretation of the relevant triggering event was at odds with the plain meaning of IC § 35–38–1–17(a), which d[id] not mention the imposition of sentence but instead state[d] that the court may modify a sentence 'after . . . the defendant begins serving his sentence.'" *Id.* at 620. We then turned to the familiar tenet of statutory construction that we must give statutes their "apparent and obvious meaning." *Id.* We noted that this statute's predecessor provided that the court could reduce or suspend a sentence "within one hundred eighty (180) days after *it imposes a sentence." Id.* (citing Ind.Code § 35–4.1–4–18 (repealed 1983) (emphasis added)). We pointed out that in 1983, the statute was amended to provide that the modification could occur "within 180 days after . . . the defendant begins serving his sentence," thus "unambiguously changing the triggering event from the imposition of the sentence to the commencement of serving the sentence." *Id.* We held that because Liggin had not yet begun serving the sentence at the time the trial court purported to modify it, the conditions of Indiana Code § 35–38–1–17(a) were not present. *Id.* As such, we concluded that the trial court was without authority to modify Liggin's sentence and erred in originally doing so. *Id.* Therefore, the court properly granted the State's motion to correct erroneous sentence. *Id.* at 621.

On appeal, the State argues that *Liggin* is not dispositive because it involves sentences under two separate cause numbers—with two distinct sentencing dates— that were ordered to be served consecutively, while this case involves consecutive sentences under the same cause number— with one sentencing date. This factual difference aside, we point out that Indiana Code § 35–38–1–17(a) has been amended since *Liggin.* At the time of *Liggin,* Indiana Code § 35–38–1–17(a) (1995)[1] provided, "Within three hundred sixty-five (365) days after . . . the defendant begins serving his sentence. . . ." As highlighted in *Liggin,* that statute did *not* contain the word "impose" in any form, although the 1983 statute did. However, Indiana Code § 35–38–1–17(a) was amended in 2005 to provide, "Within three hundred sixty-five (365) days after . . . a convicted person begins serving the sentence *imposed on the person* . . . ." P.L. 2–2005, Sec. 123 (emphasis added).

▆▆▆▆ We find the amendment of Indiana Code § 35–38–1–17(a) in 2005 to include the term "imposed" to be critical. The term "impose" was contained in the 1983 version of the statute, not contained in the 1995 version at the time *Liggin* was

---

1. Redmond does not argue that the 1995 version of the statute applies to him but rather the current version of Indiana Code § 35–38– 1–17(1). Thus, for purposes of this appeal, we apply the current statute.

decided (and found to be dispositive in that case), and then added back in 2005. When construing a statute, we presume the legislature was aware of any court decisions upon the subject matter of the legislation being construed. *See Holmes v. Jones,* 719 N.E.2d 843, 848 (Ind.Ct.App.1999). As such, when reading the current version of Indiana Code § 35–38–1–17(a), we conclude that the introductory clause, within 365 days after a convicted person begins serving the sentence imposed on him, means within 365 days after a convicted person begins serving the *entire* sentence imposed on him (and not individual sentences under the same cause number), the court may reduce or suspend his sentence. The triggering date is the date the trial court imposes the sentence.

Reading the statute this way furthers the State's legitimate interest in the finality of judgments and an ordered procedure for the modification of sentences. *See Beanblossom v. State,* 637 N.E.2d 1345, 1348–49 (Ind.Ct.App.1994), *trans. denied.* Allowing a defendant to file a motion to modify a sentence a decade or even longer after his sentencing flies in the face of finality and orderly modification. In this case, Redmond had two consecutive sentences, but in other cases, defendants may have multiple consecutive sentences. Allowing a defendant to file a motion to modify a sentence each time he begins a new sentence is inconsistent with the legislature's 2005 amendment of the statute to add back in the term "imposed," which denotes a one-time event, and would give the defendant several attempts to modify his sentence, thereby defeating finality.

Here, the trial court imposed Redmond's sentence in 1998. Because more than 365 days have passed and Redmond did not have the prosecutor's permission, the trial court did not have the authority to modify his sentence pursuant to Indiana Code

§ 35–38–1–17(a). We therefore affirm the trial court.

Affirmed.

RILEY, J., and DARDEN, J., concur.