Nathan D. HAWKINS, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 79A02–1101–CR–100.

Court of Appeals of Indiana.

July 18, 2011.

Transfer Denied Sept. 28, 2011.

Nathan D. Hawkins, New Castle Correctional Facility, New Castle, IN, Appellant Pro Se.

Gregory F. Zoeller, Attorney General of Indiana, Michael Gene Worden, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

CRONE, Judge.

### Case Summary

Nathan Hawkins was originally sentenced to sixteen years for two counts of child molesting. After a successful appeal, Hawkins's sentence was reduced to ten years. Thereafter, Hawkins sought a sentence modification, which the prosecutor opposed and the trial court denied. The parties dispute whether the 365–day period during which the trial court has sole discretion to grant a modification began when Hawkins was originally sentenced or when he was resentenced. We conclude that the resentencing did not restart the 365–day period. Because Hawkins's motion was filed outside the 365–day period and the prosecutor did not consent to a modification, the trial court properly denied the modification.

### Facts and Procedural History

On January 2, 2009, Hawkins was charged with five counts of class C felony child molesting. On April 29, 2009, he entered a plea agreement in which he agreed to plead guilty to two counts of child molesting, and the State agreed to dismiss the three remaining counts. Sentencing was left to the trial court's discretion, and on July 2, 2009, the trial court imposed an aggregate sentence of sixteen years with one year suspended.

On appeal, Hawkins argued that his sentence was inappropriate in light of his character and the nature of his offenses and sought a reduced sentence pursuant to Indiana Appellate Rule 7(B). We agreed: "We therefore vacate Hawkins's sentence and remand with instructions to reduce each sentence to five years executed, to be served consecutively. The trial court need not hold a new sentencing hearing on remand." *Hawkins v. State,* No. 79A05–0912–CR–701, 2010 WL 841338 at *3 (Ind. Ct.App. Mar. 11, 2010).

On April 15, 2010, the trial court entered an amended sentencing order in accordance with our decision. On August 20, 2010, the trial court issued an order clarifying that all ten years would be executed and that there would be no term of probation.

Hawkins filed a motion to modify his sentence on November 16, 2010. The State filed a response stating that more than a year had passed since Hawkins started serving his sentence and that the prosecutor would not approve any modification of Hawkins's sentence. Hawkins filed a reply arguing that the one-year period should commence from the date that the amended sentencing order was issued. The trial court denied Hawkins's motion: "The Court having considered defendant's Motion for Modification, the State's Response thereto and the defendant's Response, together with the Department of Correction Progress Report, now denies defendant's Motion finding that the sentence was appropriate." Appellant's App. at 12. Hawkins now appeals.

### Discussion and Decision

"After issuing a final judgment, a trial court retains only such continuing jurisdiction as permitted by the judgment or granted to the court by statute or rule." *State v. Porter,* 729 N.E.2d 591, 592 (Ind. Ct.App.2000). Indiana Code Section 35–38–1–17 authorizes trial courts to modify sentences under the following circumstances:

(a) Within three hundred sixty-five (365) days after:

(1) a convicted person begins serving the person's sentence;

(2) a hearing is held:

(A) at which the convicted person is present; and

(B) of which the prosecuting attorney has been notified; and

(3) the court obtains a report from the department of correction concerning the convicted person's conduct while imprisoned;

the court may reduce or suspend the sentence. The court must incorporate its reasons in the record.

(b) If more than three hundred sixty-five (365) days have elapsed since the convicted person began serving the sentence and after a hearing at which the convicted person is present, the court may reduce or suspend the sentence, subject to the approval of the prosecuting attorney....

Ind.Code § 35–38–1–17.

■■■ If a motion is made within the 365–day period, modification of the sentence is committed to the discretion of the trial court. *Catt v. State*, 749 N.E.2d 633, 643 (Ind.Ct.App.2001), *trans. denied.* Likewise, if the motion is made outside the 365–day period, but the prosecutor acquiesces in the motion, the decision to grant or deny the motion is within the trial court's discretion. *Porter*, 729 N.E.2d at 592–93. On the other hand, if the motion is made outside the 365–day period and the prosecutor opposes the motion for sen-

tence modification, the trial court lacks authority to modify the sentence. *Id.* at 593.

The parties make the same arguments on appeal as they did to the trial court: Hawkins contends that the 365–day period began when the revised sentencing order was entered, while the State maintains that the 365–day period began when Hawkins was originally sentenced.[1] The State also argues that our opinion on direct appeal left the trial court with no choice but to enter a ten-year sentence and did not allow for the trial court to further reduce the sentence pursuant to Indiana Code Section 35–38–1–17. The parties have not located any decisions directly supporting their arguments, and it appears that we have not squarely addressed these issues before.

We disagree with the State's contention that sentence review pursuant to Indiana Appellate Rule 7(B) and sentence modifications pursuant to Indiana Code Section 35–38–1–17 are mutually exclusive remedies. Sentence review on direct appeal pursuant to Indiana Appellate Rule 7(B) addresses whether the sentence is inappropriate in light of the facts available at the time of sentencing. A sentence modification, on the other hand, allows the trial court to take into account additional circumstances, such as the defendant's good behavior while imprisoned, that might merit the reduction or suspension of his sentence. *See* Ind.Code § 35–38–1–17(a)(3). Thus,

---

1. The record before us is not clear whether Hawkins was incarcerated prior to sentencing. Both parties appear to assume that the 365–day period began no earlier than the date that Hawkins was originally sentenced. Indiana Code Section 35–38–1–17 refers to the date that the convicted person began serving the person's sentence, but does not explicitly address pre-sentence incarceration. We note that it could be problematic to include pre-sentence incarceration, as the 365–day

window could lapse before the defendant is even sentenced. If the defendant has been incarcerated for a significant period of time prior to sentencing, including pre-sentence incarceration would also defeat the apparent purpose of Indiana Code Section 35–38–1–17, which is to allow the trial court to revisit the sentence after the defendant has had time to demonstrate good behavior or other circumstances not available at the time of sentencing.

we conclude that these are separate avenues of relief, and the defendant is not required to elect one or the other. The fact that Hawkins successfully challenged his sentence on direct appeal does not preclude him from seeking a sentence modification.

One way that a defendant might pursue both remedies is to request a stay of the appeal to allow the trial court to consider the motion for sentence modification. *See* Ind. Appellate Rule 37 (governing motions to remand).[2] By not requesting a stay, Hawkins took the risk that the 365–day window would close before his appeal was complete. It so happened that Hawkins had a few months after his direct appeal was complete in which he could have filed for a sentence modification. However, he waited until November 16, 2010, which was more than a year after he was first sentenced.

We conclude that Hawkins's resentencing did not restart the clock. In *Redmond v. State*, we held that the 365–day period began at the time of sentencing for all consecutive sentences imposed at the same time; there was not a new 365–day period each time the defendant began serving each individual sentence. 900 N.E.2d 40, 42–43 (Ind.Ct.App.2009), *trans. denied*. In *Redmond*, we relied on the fact that the version of the statute in effect at the time stated that the 365–day period starts when a convicted person begins serving the sentence *imposed on the person. See id.* (not-

ing the 2005 amendment to Ind.Code § 35–38–1–17). In 2010, that language was removed from the statute; it now states that the 365–day period begins when "a convicted person begins *serving* the person's sentence." Ind.Code § 35–38–1–17(a)(1) (as amended by Pub.L. No. 1–2010, § 141) (emphasis added). Hawkins has been serving his sentence since it was originally imposed; the fact that a revised sentence was later imposed has no bearing on the time calculation.

Not allowing the clock to restart after resentencing also "furthers the State's legitimate interest in the finality of judgments and an ordered procedure for the modification of sentences." *Redmond,* 900 N.E.2d at 43. Otherwise, the 365–day window could be held open for a potentially lengthy period while the defendant pursues a direct appeal; however, we have characterized Indiana Code Section 35–38–1–17 as a "limited exception" to the rule that trial courts generally do not retain jurisdiction after they pronounce sentences. *Sanders v. State,* 638 N.E.2d 840, 841 (Ind.Ct.App.1994). The stay procedure provided by Appellate Rule 37 better promotes judicial economy.

Because Hawkins's motion was filed more than 365 days after he began serving his sentence and the prosecutor opposed his motion, the trial court had no authority to grant the motion. Therefore, the judgment of the trial court is affirmed.

Affirmed.

2. Indiana Appellate Rule 37 provides:

**A. Content of Motion.** At any time after the Court on Appeal obtains jurisdiction, any party may file a motion requesting that the appeal be dismissed without prejudice or temporarily stayed and the case remanded to the trial court or Administrative Agency for further proceedings. The motion must be verified and demonstrate that remand will promote judicial economy or is otherwise necessary for the administration of justice.

**B. Effect of Remand.** The Court on Appeal may dismiss the appeal without prejudice, and remand the case to the trial court, or remand the case while retaining jurisdiction, with or without limitation on the trial court's authority. Unless the order specifically provides otherwise, the trial court or Administrative Agency shall obtain unlimited authority on remand.

NAJAM, J., concurs.

ROBB, C.J., dissents with separate opinion.

ROBB, Chief Judge, dissenting.

I respectfully dissent from my colleagues' conclusion that Hawkins's petition for sentence modification was untimely. The legislature has not spoken clearly on this issue, namely, whether the 365–day period within which the trial court has sole discretion to grant a modification restarts after a defendant is resentenced. The statute needs legislative clarification on this point. While the majority conceives one approach, I write to explain my view that under the statute as currently written, the 365–day clock did, in fact, restart when Hawkins was resentenced pursuant to our Appellate Rule 7(B) revision. I also dissent because the majority's approach to the respective timing of sentence modifications by trial courts on the one hand, and appellate review of sentences on the other, raises substantial problems of unworkability. Statutes must be read in harmony and produce a workable solution.

The statutory issue turns on whether the phrase "[w]ithin three hundred sixty-five (365) days after . . . a convicted person begins serving the person's sentence," Ind. Code § 35–38–1–17(a)(1), refers only to the sentence originally imposed by the trial court or whether it also refers to the sentence that the person now must serve and complete as a result of resentencing. The statutory text lacks guidance for resolving this question, and the majority properly acknowledges that our appellate decisions have not squarely addressed it before.

While the majority states Hawkins "has been serving his sentence since it was originally imposed," op. at 600, the fact remains that Hawkins's original sentence was vacated by our earlier opinion in this case. *Hawkins v. State*, No. 79A05–0912–CR–701, 2010 WL 841338, at *3 (Ind.Ct. App., Mar. 11, 2010). In *Gardiner v. State*, our supreme court concluded that when a defendant's felony conviction was later modified and reduced to a misdemeanor, entry of judgment as a misdemeanor "constitute[d] a new and different judgment effectively vacating the prior judgment." 928 N.E.2d 194, 197 (Ind.2010). For one to say Hawkins's original sentence was not vacated, but was merely revised and reduced, would be a distinction without a difference. The sentence Hawkins now must serve and complete is not the sentence the trial court originally imposed, rather, it is the new and different sentence the trial court entered in April 2010 in accordance with our earlier appellate decision. Hawkins presumably began serving this sentence in April 2010.[3]

I conclude that the "convicted . . . person's sentence," Ind.Code § 35–38–1–17(a)(1), refers to the sentence that the person now must serve and complete, and therefore Hawkins's resentencing restarted the 365–day clock. Though, to emphasize, the legislature is free to provide a contrary rule, this interpretation is persuasive because the statute as written appears to speak in the present tense. *Cf. Gardiner*, 928 N.E.2d at 197 (concluding that modification of conviction from felony to misdemeanor means a person no longer has a prior felony conviction because "the [non-suspension] statute speaks in the

---

**3.** To be sure, the time Hawkins already served is credited toward his new sentence. *Cf.* Ind. Post–Conviction Rule 1(10)(b) ("If a sentence has been set aside pursuant to this rule and the successful petitioner is to be resentenced . . . the court shall give credit for time served."). This is analogous to the majority's dictum that incarceration prior to initial sentencing, while credited toward the sentence, does not start the 365–day period. *See* op. at 599 n. 1.

present tense"). Notably, the modification statute does not refer to the trial court's original sentencing of the defendant as the trigger date. While in *Redmond v. State,* 900 N.E.2d 40 (Ind.Ct.App.2009), *trans. denied,* we stated "[t]he triggering date is the date the trial court imposes the sentence," that holding relied upon the statute's use of the term "imposed," which, as the majority notes, has since been removed from the statute. *Id.* at 42–43; *see* op. at 600–01. Still, Redmond is consistent with the conclusion that because a resentencing is, in effect, a new imposition of sentence, it is likewise a new trigger date that restarts the 365–day clock. The argument rejected in *Redmond* as contrary to "the State's legitimate interest in the finality of judgments and an ordered procedure for the modification of sentences" would have allowed a sentence to be modified (without the consent of the prosecutor) a decade or more after it was originally imposed, without the intervening event of a resentencing. 900 N.E.2d at 43. Here by contrast, holding that a resentencing restarts the 365–day clock provides at least as orderly a procedure for modifying sentences as does the majority's contrary holding.

Further, the majority's approach raises substantial workability problems. On the one hand, my colleagues state that sentence review on direct appeal and sentence modification by the trial court are separate avenues of relief, and a defendant need not elect one over the other. Yet, on the other hand, the majority explicitly holds that successful appeal of a sentence does not restart the 365–day period to file for sentence modification under Indiana Code section 35–38–1–17(a). Apparently to reconcile these propositions, the majority suggests that to avoid running of the 365–day period, the defendant might stay his direct appeal to allow the trial court to first consider and rule on a petition for sentence modification. The majority states that in such a situation, "[t]he stay procedure provided by Appellate Rule 37 ... promotes judicial economy." Op. at 600. I cannot agree that a stay procedure is appropriate, as illustrated by the following scenarios that arise under the majority's analysis.

1. A defendant stays his appeal and, after the trial court holds a hearing, receives new evidence, and denies his petition for sentence modification, proceeds with his appeal for this court to revise his sentence pursuant to Appellate Rule 7(B). This sequence is backwards because 7(B) appropriateness review looks at the facts existing at the time of initial sentencing, whereas only sentence modification allows for reviewing new factors developed on a record created after the initial sentencing. In addition, sentence modification is best sought several months or approaching a year after initial sentencing because some time is necessary to develop evidence of new factors. As a matter of logic and practicality, appellate review of sentence appropriateness must precede, not follow, consideration of sentence modification. Yet the majority's suggested stay procedure requires the opposite sequence.

2. A defendant stays his appeal, the trial court grants his requested sentence modification, and the defendant then proceeds asking this court to further reduce his sentence pursuant to Rule 7(B). Which sentence are we to review? The original sentence has been modified, so it is moot. The modified sentence cannot be reviewed with our existing legal framework because an order for modifying a sentence is reviewable only for abuse of discretion, not inappropriateness. *See Myers v. State,* 718 N.E.2d 783, 789 (Ind. Ct.App.1999) (stating a trial court's decision regarding sentence modification will

be reversed "only upon a showing of abuse of discretion"), *trans. denied.*

3. If a defendant does not obtain a stay of his direct appeal, the majority's holding makes the availability of modification following a successful appeal (without requiring consent of the prosecutor) depend on whether the appeal is decided before the 365–day period runs out. *See* op. at 600 ("By not requesting a stay, Hawkins took the risk that the 365–day window would close before his appeal was complete."). This generates the potential for arbitrary results, as a defendant has no control over how long the appellate process may take in a given case. By contrast, holding that a resentencing restarts the 365–day clock would yield the consistent result that a subsequent petition for further modification is available to the defendant. Such a result is also fairer because it means the time spent appealing a sentence that is inappropriate under Rule 7(B), an abuse of discretion, or otherwise in error, does not count against the defendant's time to file for modification.[4]

The above scenarios illustrate but do not necessarily exhaust the unworkable situations that may and will arise under the majority's holding. I respectfully dissent and would urge the legislature to revisit the sentence modification statute and make any amendments necessary to provide a clear, workable rule.

---

4. Of course, if an appeal is unsuccessful and the trial court's sentence affirmed, the time spent appealing does not toll the 365–day period under the statute as presently written. While this aspect of the statute poses another hurdle for defendants wishing to pursue both an appeal and· a request for modification of a sentence, its propriety is a legislative question beyond our purview as an appellate court.