**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 27 2012, 9:45 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**ERIC D. SMITH**
Westville Correctional Facility
Westville, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

| | | |
|---|---|---|
| ERIC D. SMITH, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1206-CR-460 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

---

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Stanley E. Kroh, Judge
Cause No. 49G04-0103-PC-51465

---

**December 27, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**CRONE, Judge**

## Case Summary

Eric D. Smith has sought leave from this court to appeal the denial of a petition for modification of sentence, a verified petition for additional credit time, and a motion for placement in community corrections. We conclude that the issues raised by Smith in this appeal are frivolous, repetitive, or clearly defaulted. Therefore, we deny Smith's motion for leave to file an appeal and dismiss the appeal with prejudice.

## Facts and Procedural History

In 2001, Smith was convicted of class B felony arson and sentenced to twenty years. Smith's conviction was affirmed on appeal. Thereafter, Smith filed several successive petitions for post-conviction relief. After his third successive petition for post-conviction relief, we imposed restrictions on Smith with respect to filing future successive petitions for post-conviction relief. *Smith v. State*, No. 49A02-0704-SP-341 (Ind. Ct. App. Jul. 9, 2007). In 2007, Smith sought review of the denial of a motion for modification of sentence. We ordered Smith to show cause why his appeal should not be dismissed because it appeared to be, in substance, an unapproved successive petition for post-conviction relief, and we ultimately dismissed his appeal. In addition, we ordered him to seek leave from this Court before filing any further appeals arising from his arson conviction, whether characterized as a petition for post-conviction relief or otherwise. *Smith v. State*, No. 49A04-0706-CR-325 (Ind. Ct. App. Dec. 19, 2007).

In 2012, Smith filed a petition for modification of sentence, a verified petition for additional credit time, and a motion for placement in community corrections. The trial court

denied each of these motions. On June 1, 2012, Smith filed a notice of appeal encompassing the trial court's rulings on these three motions.[1] Although preparation of the clerk's record is held in abeyance pursuant to our order of December 19, 2007, the Marion County Clerk of the Court filed notice of completion of the record on July 2, 2012. On July 16, 2012, Smith filed a motion for leave to file an appeal. Smith attached supporting documentation that appears to comply with our December 19, 2007 order.[2] On July 25, 2012, Smith filed an

---

[1] Indiana Appellate Rule 9(E) states:

The appellant shall pay to the Clerk [of the Indiana Supreme Court, Court of Appeals and Tax Court] the filing fee of $250. No filing fee is required in an appeal prosecuted in *forma pauperis* or on behalf of a governmental unit. The filing fee shall be paid to the Clerk when the Notice of Appeal is filed. The Clerk shall not file any motion or other documents in the proceedings until the filing fee has been paid. A party may proceed on appeal in *forma pauperis* pursuant to Rule 40.

On June 8, 2012, the clerk noted on the appellate docket that Smith had not paid a filing fee or complied with the in forma pauperis procedure; however, the clerk apparently did not notify Smith of this issue and continued to accept filings from Smith. Ordering Smith to comply with Appellate Rules 9 and 40 at this juncture would simply cause further delay in bringing this case to a conclusion. Because we are dismissing Smith's appeal on other procedural grounds, we feel that that delay would be unwarranted.

[2] The December 19, 2007 order requires Smith to attach:

- The appellant's case summary. The appellant's case summary was previously governed by Indiana Appellate Rule 15, but that rule was abolished effective January 1, 2012.
- A current certified copy of the chronological case summary ("CCS"). Smith did not attach this to his motion, but it was attached to the notice of completion of clerk's record, which had already been filed in this Court.
- The motion filed with the trial court. Smith attached copies of all the motions at issue in this appeal.
- Any answer to the motion. Smith provided a letter addressed to him from the prosecutor in which the prosecutor states that he would not approve Smith's petition for modification of sentence. The record does not reflect that the State filed anything else in response to Smith's motions.
- A certified copy of the trial court's judgment from which appellant seeks review. Smith provided a file-stamped copy of the trial court's order denying his verified petition for additional credit time. As to the rest of the court's orders at issue in this case, the CCS entries appear to be the only existing documentation of those rulings.
- A copy of the timely filed notice of appeal from the final judgment. At the time of our December 19, 2007 order, the notice of appeal was filed in the trial court. Appellate Rule 9 has since been amended, and the notice of appeal is now filed with the Clerk of the Indiana Supreme Court, Court of Appeals and Tax Court. Smith filed a notice of appeal with the clerk on June 1, 2012.

appellant's brief arguing the merits of his appeal.

On August 9, 2012, this Court issued an order denying Smith's motion for leave to file an appeal, but the order did not state that Smith's appeal was to be dismissed. On September 7, 2012, the clerk received from Smith a petition to transfer this case to the Indiana Supreme Court, which apparently was an attempt to appeal the August 9, 2012 order. The clerk sent Smith a letter indicating that the order was not one from which transfer could be sought pursuant to Indiana Appellate Rule 57(B). On September 6, 2012, Smith filed a motion to file his appellant's appendix, which the clerk had rejected as defective. On October 5, 2012, we issued a ruling granting Smith's motion and setting a deadline for filing of the appellee's brief. However, the State did not file a brief, and the case was transmitted to the writing panel on November 21, 2012.

## Discussion and Decision

A writing panel may reconsider a ruling that was issued before the case was transmitted to the panel. *Simon v. Simon*, 957 N.E.2d 980, 987 (Ind. Ct. App. 2011). Although we are generally reluctant to overrule previous orders, this Court has inherent authority to reconsider any decision while an appeal remains in fieri. *Id.* We agree that Smith's motion for leave to file appeal should have been denied; however, we conclude that the December 19, 2007 order contemplates that if such motion is denied, the appeal should be dismissed without prejudice and should not proceed to briefing. The purpose of the December 19, 2007 order is to screen out appeals that are frivolous, repetitive, or clearly

---

- Finally, the December 19, 2007 order requires Smith to attach a copy of that order, which he did.

4

defaulted. The instant appeal is just that.

Smith filed a petition for modification of sentence on April 5, 2012. The prosecutor did not approve the modification. *See* Ind. Code § 35-38-1-17(b) (requiring prosecutor's approval of modification of sentence if more than 365 days have passed since convicted person began serving the sentence). The trial court denied Smith's petition. On May 9, 2012, Smith filed a motion to reconsider in which he argued that Indiana Code Section 35-38-1-17(b) violates the due process clause of the Fourteenth Amendment because it places no limits on the prosecutor's discretion to disapprove of a sentence modification. Smith also argued that the court had authority to place him in community corrections with or without the prosecutor's approval.[3] The trial court denied Smith's motion to reconsider.

The record before us reflects that Smith has filed at least fifteen motions for modification of his sentence. The prosecutor disapproved of the current motion for modification, and even with a prosecutor's approval, the decision to grant or deny such a motion is discretionary. *Hawkins v. State*, 951 N.E.2d 597, 599 (Ind. Ct. App. 2011), *trans. denied*. After Smith's motion was denied, he filed a motion to reconsider, which improperly raised new issues. *See Hubbard v. Hubbard*, 690 N.E.2d 1219, 1221 (Ind. Ct. App. 1998) (a motion to reconsider that is filed after final judgment is in fact a motion to correct error);

---

[3] Indiana Code Section 35-38-1-17(b) states that

if in a sentencing hearing for a convicted person conducted after June 30, 2001, the court could have placed the convicted person in a community corrections program as an alternative to commitment to the department of correction, the court may modify the convicted person's sentence under this section without the approval of the prosecuting attorney to place the convicted person in a community corrections program under IC 35-38-2.6.

*Shepherd Props. Co. v. Int'l Union of Painters & Allied Trades*, 972 N.E.2d 845, 849 n.3 (Ind. 2012) ("It is well established that a party may not raise issues for the first time in a motion to correct error."). Furthermore, it is obvious that Smith's subsequent motion for placement in community corrections is a further attempt to litigate the same issues raised in the motion for modification of sentence and motion to reconsider.

Smith filed a verified petition for additional credit time on April 19, 2012. In this motion, Smith alleged that he had completed a bachelor's degree, had been denied educational credit time by the Department of Correction ("DOC"), and had exhausted his administrative remedies within the DOC. Smith attached documentation that he felt supported his claim. The same day, the trial court set a hearing on the motion and directed the parties to submit affidavits or pleadings on the issue of whether Smith had exhausted administrative remedies. On May 3, 2012, Smith filed a "Motion for Ruling that Petitioner Has Exhausted Administrative Remedies" in which he explained why he felt that the documentation attached to his verified petition for additional credit time demonstrated that he had exhausted his administrative remedies. Appellant's App. at 182. He also attached an affidavit in which he further elaborated on his efforts to obtain educational credit time. On May 17, 2012, the trial court issued an order in which it vacated the hearing and found that Smith had not demonstrated that he had exhausted administrative remedies and that the court therefore lacked jurisdiction.

The documentation that Smith submitted shows that he filed a classification appeal in which he alleged that someone had confiscated his certificate of completion and altered

6

records to make it appear that he had not earned educational credit time. A document titled "Classification Appeal" indicates that his appeal was denied because he did not provide any evidence in support of his allegations. *Id.* at 173. The document does not indicate whether it was the DOC's final decision, and Smith did not submit any documentation indicating what the procedure is for a classification appeal. *See Young v. State*, 888 N.E.2d 1255, 1257 (Ind. 2008) (an inmate seeking educational credit time from a court "must show in the first place what the relevant DOC administrative grievance procedures are, and then that he has exhausted them at all levels").

For the foregoing reasons, we conclude that the issues raised by Smith in this appeal are frivolous, repetitive, or clearly defaulted. Therefore, we deny Smith's motion for leave to file an appeal and dismiss the appeal with prejudice.

As an administrative matter, we note that the December 19, 2007 order remains in effect and will apply to any future appeals arising from Smith's arson conviction. However, due to the changes in the Appellate Rules discussed in footnote 2, Smith should no longer be required to submit an appellant's case summary.

Dismissed.

KIRSCH, J., and MATHIAS, J., concur.