## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 26 2015, 8:11 am

CLERK
of the supreme court,
court of appeals and
tax court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| David Drummond<br>Bunker Hill, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>George P. Sherman<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| David Drummond,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff,* | June 26, 2015<br><br>Court of Appeals Cause No.<br>49A02-1408-CR-577<br><br><br>Appeal from the Marion Superior Court<br>The Honorable Stanley Kroh, Magistrate<br>Cause No. 49G03-0108-CF-161376 |

**Robb, Judge.**

# Case Summary and Issues

[1] David Drummond, *pro se*, appeals the trial court's denial of his motion for modification of sentence. He raises several issues for our review, which we

restate and consolidate into two: (1) whether the trial court erred by denying Drummond's motion for evaluation, and (2) whether the trial court erred by denying his motion for modification of sentence. Concluding the trial court did not err in either respect, we affirm.

## Facts and Procedural History

[2] Drummond was convicted of child molesting, a Class A felony, and sentenced to fifty years imprisonment on April 24, 2002.

[3] On July 17, 2014, Drummond filed a Motion for Order for Evaluation and a Motion for Modification of Sentence. On July 23, 2014, the trial court denied both motions without a hearing. This appeal followed.

## Discussion and Decision

### I. Standard of Review

[4] The decision to deny a defendant's motion for modification of sentence is committed to the discretion of the trial court. *Hawkins v. State*, 951 N.E.2d 597, 599 (Ind. Ct. App. 2011), *trans. denied*.

[5] There is some dispute between Drummond and the State as to which version of the sentence modification statute controls. Generally, a defendant is governed by the sentencing statutes in effect at the time he committed his crime. *See*

*Gutermuth v. State*, 868 N.E.2d 427, 431 n.4 (Ind. 2007). We believe the statutes in effect at the time of Drummond's crime and sentence are controlling.[1]

## II. Motion for Evaluation

[6] Drummond claims that the trial court erred by denying his motion to order the Miami Correctional Facility to prepare an evaluation of Drummond. He cites Indiana Code section 35-38-1-17(a)(3) (2014), claiming that the trial court has no discretion to deny his motion for a report from the correctional facility. We note that the statute in effect at the time of Drummond's crime and sentence references a report only where a sentence modification occurs within 365 days after the defendant begins serving his sentence. *See* Ind. Code § 35-38-1-17(a)(3) (2002). Regardless, this court has previously held that the trial court may deny a defendant's motion for modification of sentence without first reviewing or obtaining a report from the Department of Correction. *See Banks v. State*, 847 N.E.2d 1050, 1053 (Ind. Ct. App. 2006), *trans. denied*. Drummond's argument to the contrary is without merit.

## III. Sentence Modification

[7] Next, Drummond challenges the trial court's denial of his motion for modification of sentence and the court's failure to hold a hearing on that motion. As to Drummond's entitlement to a hearing, it is well-established that

---

[1] Even if Drummond were correct that the 2014 sentence modification statute applied, his claims would still fail under that version of the statute.

Indiana Code section 35-38-1-17's requirement for a hearing is triggered only after the trial court has made a preliminary determination to suspend or reduce a defendant's sentence. *See Robinett v. State*, 798 N.E.2d 537, 539 (Ind. Ct. App. 2003) (citing *Reichard v. State*, 510 N.E.2d 163, 167 (Ind. 1987)), *trans. denied*. Because the trial court made a preliminary decision to deny Drummond's motion, a hearing was not required. *See id.*[2]

[8]     Drummond also contends that the circumstances favor a modification of his sentence, claiming that he has demonstrated his rehabilitation since the time of his imprisonment. "[T]he mere fact that the process of rehabilitation, the purpose of incarceration, may have started, does not compel a reduction or other modification in [a defendant's] sentence." *Marshall v. State*, 563 N.E.2d 1341, 1343-44 (Ind. Ct. App. 1990), *trans. denied*; *accord Catt v. State*, 749 N.E.2d 633, 643-44 (Ind. Ct. App. 2001), *trans. denied*. Drummond's appealed order indicates that the trial court reviewed the record and his motion before denying the request for a sentence modification. The trial court has discretion to do so, and we are not in a position to disregard it.

---

[2] Drummond claims that he is entitled to a hearing under our supreme court's decision in *Pannarale v. State*, 638 N.E.2d 1247 (Ind. 1994). That decision does not even contain the word "hearing," let alone hold that one is necessary before denying a motion for sentence modification.

# Conclusion

[9] Concluding the trial court did not abuse its discretion by denying Drummond's motion for evaluation or his motion for sentence modification, we affirm.

[10] Affirmed.

May, J., and Mathias, J., concur.