


FILED

May 29 2019, 2:09 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE

# Indiana Supreme Court

Supreme Court Case No. 19S-CR-329

## Kevin Michael Barber,

*Appellant-Defendant,*

—v—

## State of Indiana,

*Appellee-Plaintiff.*

---

Argued: April 11, 2019 | Decided: May 29, 2019

Appeal from the Monroe Circuit Court, No. 53C02-1208-FC-788
The Honorable Marc R. Kellams, Judge

On Petition to Transfer from the Court of Appeals,
No. 18A-CR-308

---

**Per Curiam Opinion**

All Justices concur.

**Per Curiam.**

The Court of Appeals affirmed the trial court's denial of Kevin Michael Barber's motion to modify his sentence. We also affirm the trial court, but for a different reason.

Barber was charged with Class C felony child molesting, Class D felony performing sexual conduct in the presence of a minor, and Class D felony dissemination of matter harmful to minors. In December 2012, Barber pled guilty pursuant to a plea agreement providing for an eight-year sentence for the Class C felony and a two-year sentence for each of the Class D felonies. The sentences on the Class D felonies were entirely suspended to probation and were to be served concurrently to each other but consecutively to the Class C felony sentence. The trial court accepted the plea agreement and sentenced Barber according to its terms.

In November 2015, Barber was released on parole. In October 2017, he filed a motion to modify his sentence on the Class C felony, citing Indiana Code section 35-38-1-17 and arguing "the terms of his current sentence have placed an unnecessary burden on [him] as he re-enters everyday society and strives to contribute positively to the community." (Appellant's App. Vol. II, pp. 191, 219.) The State opposed the motion. The trial court denied the motion to modify Barber's sentence. On Barber's appeal, the Court of Appeals affirmed the trial court. *See Barber v. State*, 115 N.E.3d 508 (Ind. Ct. App. 2018).

Indiana Code section 35-38-1-17 governs the trial court's authority to reduce or suspend a sentence after the defendant has begun serving the sentence. The Court of Appeals affirmed the trial court's denial of Barber's motion to modify on grounds the statute does not authorize the court to modify a sentence after the person has been released on parole. However, we conclude the question of modification in this case is governed by the subsections of Indiana Code 35-38-1-17 addressing a "violent criminal."

> (c) Except as provided in subsections (k) and (m), this section does not apply to a violent criminal.

(d) As used in this section, "violent criminal" means a person convicted of any of the following offenses:

\* \* \*

(10) Child molesting (IC 35-42-4-3).

\* \* \*

(k) This subsection applies to a convicted person who is a violent criminal. A convicted person who is a violent criminal may, not later than three hundred sixty-five (365) days from the date of sentencing, file one (1) petition for sentence modification under this section without the consent of the prosecuting attorney. After the elapse of the three hundred sixty-five (365) day period, a violent criminal may not file a petition for sentence modification without the consent of the prosecuting attorney.

\* \* \*

I.C. § 35-38-1-17.

Barber was convicted of child molesting and is therefore a "violent criminal." His motion to modify is governed by subsection (k), and because Barber filed his motion more than 365 days after he was sentenced, he needed the prosecutor's consent to modification before the court could modify his sentence. Barber did not have that consent.

We grant transfer, thereby vacating the Court of Appeals opinion, *see* Ind. Appellate Rule 58(A), and affirm the trial court.

All Justices concur.

ATTORNEY FOR APPELLANT

Andrew Penman

Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.

Attorney General of Indiana

Ellen H. Meilaender

Deputy Attorney General

Indianapolis, Indiana