## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 16 2019, 8:53 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

James Ketchum
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| James Ketchum,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff,* | December 16, 2019<br><br>Court of Appeals Case No.<br>19A-CR-1341<br><br>Appeal from the Rush Circuit<br>Court<br><br>The Honorable David Northam,<br>Judge<br><br>Trial Court Cause Nos.<br>70C01-1508-F6-469<br>70C01-1510-F3-617 |

**Robb, Judge.**

# Case Summary and Issue

[1] In 2016, James Ketchum pleaded guilty to intimidation, a Level 6 felony, and the trial court sentenced him to serve two years in the Indiana Department of Correction ("DOC"). Following an incident in which Ketchum struck another person while he was incarcerated, the State filed new charges against him under a separate cause number. Ketchum pleaded guilty to aggravated battery, a Level 3 felony, and the trial court sentenced him to serve twelve years with six years suspended. The trial court ordered Ketchum's sentence to be served consecutively to his sentence for his intimidation conviction. In 2019, Ketchum filed a motion to modify his sentence, in which he requested the trial court order his sentences to run concurrently. The trial court denied his motion. Ketchum appeals and raises one issue for our review which we restate as whether the trial court erred in denying Ketchum's motion to modify his sentence. Concluding the trial court did not err, we affirm.

# Facts and Procedural History

[2] On August 22, 2015, Ketchum communicated a threat to Todd Click, a law enforcement officer, with the intent to place Officer Click in fear of retaliation for a prior lawful act. Ketchum was arrested the same day and posted bond two days later. The State charged Ketchum with intimidation, a Level 6 felony; criminal trespass, a Class A misdemeanor; resisting law enforcement, a Class A misdemeanor; and disorderly conduct, a Class B misdemeanor, under cause number 70C01-1508-F6-469. Ketchum's bond was revoked due to another

charge and he was rearrested on September 15, 2015.[1]  Ketchum remained in jail until he pleaded guilty to intimidation, a Level 6 felony, on May 20, 2016, and the State dismissed the remaining charges.  The trial court sentenced Ketchum to serve two years in the DOC.[2]

[3]     On October 21, 2015, while incarcerated in the Rush County Jail, Ketchum struck another person, fracturing the victim's skull.  The State charged Ketchum with aggravated battery causing permanent disfigurement, a Level 3 felony, and battery resulting in serious bodily injury, a Level 5 felony, under cause number 70C01-1510-F3-617.  On September 6, 2016, Ketchum pleaded guilty to aggravated battery, a Level 3 felony.  At the time of the sentencing hearing, Ketchum was serving his sentence for the intimidation conviction, which would conclude on September 10.  At the hearing, the State asserted that Ketchum's sentence for the battery conviction had to be served consecutive to the intimidation sentence that he was currently serving.  Defense counsel responded, "We're in agreement . . . with regard to the . . . sentences have to be consecutive because of the sequence in which they were committed[.]" [September 6, 2016] Transcript, Volume 2 at 8.  The trial court sentenced

---

[1] Although the record indicates that Ketchum's bond was revoked in this matter due to "another charge" there is limited information in the record detailing the facts and circumstances surrounding the revocation of Ketchum's bond.  [May 20, 2016] Transcript at 9.

[2] Ketchum was given credit time for August 22-24, 2015 and September 15, 2015 through May 20, 2016.

Ketchum to twelve years in the DOC with six years suspended and ordered his sentence to run consecutively to his intimidation sentence.[3]

[4] On March 19, 2019, Ketchum filed a Petition to Run Sentences Imposed Concurrent and the State filed an objection. *See* Appellant Appendix, Volume 2 at 9, 49-51. The trial court denied Ketchum's petition on May 16. Ketchum now appeals.[4]

# Discussion and Decision

## Motion to Modify Sentence

[5] Ketchum's petition is effectively a motion to modify his sentence and we review it as such. Generally, we review a trial court's decision regarding modification of a sentence for an abuse of discretion. *Gardiner v. State*, 928 N.E.2d 194, 196 (Ind. 2010). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it or when the court misinterprets the law. *Johnson v. State*, 36 N.E.3d 1130, 1133 (Ind. Ct. App. 2015), *trans. denied*. However, "[w]here the issue presented on

---

[3] The trial court ordered his sentence to begin on September 11, 2016, after he had executed his sentence for his intimidation conviction.

[4] In his brief, Ketchum also appears to challenge the alleged denial of his Motion to Correct Sentence, in which he asked the trial court to apply 322 days of "pre-trial time" to his sentence for his aggravated battery conviction. Appellant App., Vol. 2 at 43. He filed this motion on February 22, 2019 and then filed his motion to modify sentence on March 19. And on April 25, 2019, Ketchum filed a notice with the trial court addressing its failure to rule on his Motion to Correct Sentence. The trial court subsequently denied his motion to modify sentence and never ruled on his motion to correct sentence. Because the trial court did not rule on Ketchum's motion to correct sentence, there is no appealable order for us to review. Accordingly, we decline to address this issue.

appeal is a pure question of law, we review the matter de novo." *State v. Harper*, 8 N.E.3d 694, 696 (Ind. 2014) (quoting *State v. Moss-Dwyer*, 686 N.E.2d 109, 110 (Ind. 1997)).

[6] After issuing a final judgment, a trial court retains only such continuing jurisdiction as permitted by the judgment or granted to the court by statute or rule. *State v. Porter*, 729 N.E.2d 591, 592 (Ind. Ct. App. 2000). Indiana Code section 35-38-1-17 authorizes a trial court to reduce or suspend a sentence, in certain circumstances, after a defendant has begun serving the sentence. *Barber v. State*, 122 N.E.3d 809, 810 (Ind. 2019). Ketchum was convicted of aggravated battery and is therefore a "violent criminal." Ind. Code § 35-38-1-17(d)(6). As such, the following subsection applies:

> A convicted person who is a violent criminal may, not later than three hundred sixty-five (365) days from the date of sentencing, file one (1) petition for sentence modification under this section without the consent of the prosecuting attorney. After the elapse of the [365] day period, a violent criminal *may not* file a petition for sentence modification *without the consent of the prosecuting attorney*.

Ind. Code § 35-38-1-17(k) (emphasis added).

[7] Because Ketchum filed his petition more than 365 days after he was sentenced, he needed the prosecuting attorney's consent to authorize the trial court to modify his sentence. Ketchum clearly did not have the prosecutor's consent as the State expressly opposed his petition. Without this consent, the trial court lacked the authority to modify Ketchum's sentence and therefore, it properly

denied his motion. *See id*.; *see also Manley v. State*, 868 N.E.2d 1175, 1179 (Ind. Ct. App. 2007), *trans. denied*. We find no error.

# Conclusion

[8] Because Ketchum did not have the prosecuting attorney's consent to file his request for modification, the trial court properly denied Ketchum's motion to modify his sentence. Accordingly, the judgment of the trial court is affirmed.

[9] Affirmed.

Mathias, J., and Pyle, J., concur.