ROBB, Judge.
Case Summary and Issue
[1] For their participation in a 1996 robbery gone awry, Dennis Johnson and Raymond Johnson were each convicted in 1997 of, felony murder and carrying a handgun without a license and sentenced to serve an aggregate term of fifty-five years. . In 2013, Dennis and Raymond filed petitions to modify their respective, sentences. Following a hearing in August of 2014, the trial court denied both petitions because the prosecutor did not consent to modification. In this consolidated appeal,[1] the Johnsons contend the trial court erred in requiring the prosecutor’s consent because prior to the hearing on their petitions, the statute allowing sentence modifications was amended to remove that requirement. Concluding the *1132 trial court did not err in applying the prior version of the statute which required pros-ecutorial consent and in denying the petitions to modify on that basis, we affirm.
Facts and Procedural History
[2] Although the Johnsons’ cases have not run identical courses, the salient events are the same: the Johnsons participated in a crime in September 1996 during which Norval Peters was shot and killed. Each pleaded guilty to the charges against him and was sentenced to fifty-five years imprisonment. Raymond was sentenced on August 11, 1997, and Dennis was sentenced on September 29,1997.
[3] On direct appeal, Raymond’s sentence was affirmed. R. Johnson v. State, No. 48A02-9711-CR-791, 692 N.E.2d 514 (Ind.Ct.App., Feb. 27, 1998). Raymond’s subsequent petition for post-conviction relief was denied. He sought modification of his sentence in 2007 and 2012, but was denied both times.
[4] Dennis did not pursue a direct appeal, but he filed a petition for post-conviction relief that was denied, and this court affirmed the denial on appeal. D. Johnson v. State, No. 48A04-1015-PC-198 (Ind.Ct.App., Apr. 29, 2002). He sought modification of his sentence in 2007 and 2008, but both petitions were denied. ‘
[5] On December 19, 2018, Raymond and Dennis each filed a Request for ReEntry Court Evaluation, which the trial court treated as a petition for sentence modification. The trial court initially denied the requests because the State objected, but then ordered a re-entry court evaluation and set the requests for a joint hearing. The hearing was originally scheduled for June 2014 but was ultimately not held until August 11, 2014. At the hearing, the Johnsons argued that they had shown by their conduct and accomplishments while incarcerated that they should be transitioned into a placement that would re-integrate them into society for the final years of their sentences. The Johnsons further noted:
[T]he statute on modification changed July 1st and that’s why we set this , hearing after July 1st.... So I guess the question is, can you modify them [without the State’s consent], the answer seems to be yes, and the second question is will you....
Transcript at 21. The State responded that the version of the modification statute in effect at the time the Johnsons were sentenced should apply to their petitions and indicated that it did not consent to modification; the State also noted that “even if you determine that you can modify [without prosecutorial consent], my position is that you should not....” Id. at 24.
[6] The trial court issued identical orders denying each request for modification:
... the Court finds that the State of Indiana, despite the provisions of the new Indiana Criminal Code, retains the veto power over sentence modification requests regarding sentences issued before the new Indiana Criminal Code became effective.
[The] Court finds that since the State of Indiana invoked its veto regarding this Sentence Modification request and because the sentence in this matter was levied before the new Indiana Criminal Code became effective, the request for sentence modification is denied.
Appellants’ Appendix at 320 (with respect to Dennis) and 609 (with respect to Raymond). The Johnsons now appeal the trial court’s order denying the requests to modify their sentences.
Discussion and Decision
I. Standard of Review
[7] The trial court in these cases concluded that the pre-2014 version of the *1133 modification statute continued to apply to sentences imposed prior to July 1, 2014. Because the Johnsons were sentenced in 1997, the trial court found that the consent of the prosecuting attorney was required before it could consider modifying their sentences. The prosecuting attorney did not consent, and the trial court denied the petitions.
[8] The Johnsons contend that the 2014 amendment to the modification statute is remedial or procedural and should be applied retroactively to their petitions for modification despite the savings clause. They therefore assert that the trial court may, in its discretion alone, grant their petitions for modification, and they request that we remand their cases to the trial court for consideration on the merits.
[9] We review a trial court’s decision regarding modification of a sentence for an abuse of discretion. Gardiner v. State, 928 N.E.2d 194, 196 (Ind.2010). An abuse of discretion occurs when the trial court’s decision is clearly against the logic and effect of the facts and circumstances before the court or when the court misinterprets the law. Heaton v. State, 984 N.E.2d 614, 616 (Ind.2013). Here, the parties differ as to the interpretation of certain statutes, which is a question of law. “Where the issue presented on appeal is a pure question of law, we review the matter de novo.” State v. Moss-Dwyer, 686 N.E.2d 109, 110 (Ind.1997).
II. Applicable Version of the Statute
[10] A trial court generally has no authority over a defendant after sentencing. State v. Harper, 8 N.E.3d 694, 696 (Ind.2014). A notable exception is Indiana Code section 35-38-1-17, which gives trial courts authority under certain circumstances to modify a sentence after it is imposed. Id. From 1991 until June 30, 2014, the relevant section of the sentence modification statute read:
(b) If more than three hundred sixty-five (365) days have elapsed since the convicted person began serving the sentence and after a hearing at which the convicted person is present, the court may reduce or suspend the sentence, subject to the approval of the prosecuting attorney....
Ind.Code § 35-38-l-17(b) (2012) (emphasis added).[2]
[11] Effective July 1, 2014, the criminal code was subject to a comprehensive revision pursuant to P.L. 158-2013 and P.L. 168-2014. The pertinent section of the sentence modification statute was amended to read:
(c) If more than three hundred sixty-five (365) days have elapsed since the convicted person began serving the sentence, the court may reduce or suspend the sentence and impose a sentence that the court was authorized to impose at the time of sentencing. The court must incorporate its reasons in the record.
Ind.Code § 35-38-l-17(c) (2014). The legislature also included a specific savings *1134 clause as part of the 2014 revision of the criminal code, stating that:
(a) A SECTION of P.L. 158-2013 or P.L. 168-2014 does not affect:
(1) penalties incurred;
(2) crimes committed; or
(3) proceedings begun;
before the effective date of that SECTION of P.L. 158-2013 or P.L. 168-2014. Those penalties, crimes, and proceedings continue and shall be imposed or enforced under prior law as if that SECTION of P.L. 158-2013 or P.L. 168-2014 had not been enacted.
(b) The general assembly does not intend the doctrine of amelioration (see Viceroy [Vicory ] v. State [272 Ind. 683], 400 N.E.2d 1380 (Ind.1980)) to apply to any SECTION of P.L. 158-2013 or P.L. 168-2014.
Ind.Code § l-l-5.5-21.The general rule in Indiana is that “[statutes are to be given prospective effect only, unless the legislature unequivocally and unambiguously intended retrospective effect as well.” State v. Pelley, 828 N.E.2d 915, 919 (Ind.2005). An exception to this general rule exists for remedial or procedural statutes. Martin v. State, 774 N.E.2d 43, 44 (Ind.2002). Although statutes and rules that are procedural or remedial may be applied retroactively, they are not required to be. Pelley, 828 N.E.2d at 919. Even for procedural or remedial statutes, “retroactive application is the exception, and such laws are normally to be applied prospectively absent strong and compelling reasons.” Hurst v. State, 890 N.E.2d 88, 94 (Ind.Ct.App.2008) (quotation omitted), trans. denied.
A. Was the 2014 Amendment Remedial?
[12] Remedial statutes are those that are intended to cure a defect or mischief in a prior statute. Martin, 774 N.E.2d at 44; see also W.H. Dreves, Inc. v. Osolo Sch. Twp. of Elkhart Cnty., 217 Ind. 388, 394, 28 N.E.2d 252, 254 (1940) (“It is recognized that the legislature may, by a subsequent statute, correct any omission or irregularity in a proceeding which it might have dispensed with by a prior statute”). “If a statute is remedial, it should be liberally construed to advance the remedy for the mischief for which it was enacted.” Brown v. State, 947 N.E.2d 486, 490 (Ind.Ct.App.2011), trans. denied; see also State v. Denny, 67 Ind. 148, 155 (1879) (“There are three points to be considered in the construction of all remedial statutes; the old law, the mischief, and the remedy.”). So, for instance, in Martin, our supreme court found a statute to be remedial when it was enacted in response to a conflict in case law regarding its interpretation. 774 N.E.2d at 45. There, in revoking the defendant’s probation, the trial court denied him credit for time served on home detention as a condition of his probation. At the time, Indiana Code sections 35-38-2-3 and 35-38-2.5-5 were silent as to whether a defendant was entitled to credit for time served on home detention as a condition of probation, leading to the conflict in case law. Id. While the defendant’s appeal from the denial of credit time was pending, the legislature amended those sections to specifically allow such credit time. Our supreme court held the amendments were remedial, as the legislature apparently responded to the conflict of authority and “intended to cure a defect that existed in prior statutes, namely: silence concerning whether a defendant was entitled” to the credit. Id. Thus, the court applied the amendments retroactively to the defendant. Id.
[13] Here, however, there is no conflict in case law regarding the meaning or application of Indiana Code section 35-38-1-17(b). Our courts have consistently held *1135 that once the limited amount of time granted by the statute has passed, the trial court is without authority to reduce or suspend a sentence unless the prosecutor consents. See, e.g., State v. Fulkrod, 753 N.E.2d 630, 633 (Ind.2001) (although the trial court had attempted to reserve the right to modify the defendant’s sentence, the trial court lacked authority to grant defendant’s petition to modify because it was filed more than 365 days after defendant was sentenced); Schweitzer v. State, 700 N.E.2d 488, 492 (Ind.Ct.App.1998) (“[I]f the prosecuting attorney should oppose the motion for sentence modification, the trial court lacks authority to modify the sentence.”), trans. denied.
[14] Moreover, there is no indication that the requirement of prosecutorial consent was an error; in fact, the statute’s history suggests the opposite. The legislature enacted the prosecutorial consent provision of the modification statute in 1991 and did'not eliminate it for over twenty years, during which time our legislature amended the statute in other ways. In 2014, the provision was amended as part of a comprehensive overhaul of the criminal code which suggests the amendment was made as part of a broader scheme and not to cure a singular defect or mischief in that provision alone. See Brown, 947 N.E.2d at 491 (amendment to statute governing eligibility for credit time while on home detention through a community corrections program as part of “wholesale changes to community corrections programs” was not remedial; that original statute had explicitly excluded those serving home detention from receiving credit time and amendment specifically lifted that restriction demonstrated a change in policy, not a defect). Therefore, we decline to find the 2014 amendment to Indiana Code section 35-38-l-17(b) to be remedial.
B. Was the 2014 Amendment Procedural?
[15] The Johnsons also rely on Willis v. State, 567 N.E.2d 1170 (Ind.Ct.App.1991), to support their position that the modification statute is procedural and the 2014 version should apply to their petitions.
[16] We begin by noting that in State v. Crocker, 270 Ind. 377, 385 N.E.2d 1143 (1979), our supreme court considered the effect of an amendment to an earlier version of the sentence modification statute. At the time the defendants in that case were sentenced, the modification statute allowed the trial court to suspend the remainder of a sentence anytime within 180 days after a sentence was imposed. Three months after the defendants were sentenced, the statute was amended to allow a trial court to suspend or reduce a sentence within 180 days. The trial court determined that the new statute was ameliorative and applied retroactively to the defendants. Therefore, it suspended seven years of Crocker’s fifteen year sentence and eight years of Sims’s ten year sentence. The State appealed, and the court held that because the defendants were sentenced prior to the effective date of the new statute and because the legislature did not include a specific retroactivity provision with the amendment, the statute in effect at the time of sentencing applied. 270 Ind. at 378, 385 N.E.2d at 1144. “[T]here was no authority under that [original] provision for the court to suspend part of the defendants’ sentences [and] the court’s modifications of these sentences were erroneous.” Id.
[17] In Willis, the defendant was convicted and sentenced in February 1985, when the sentence modification statute provided that the court could reduce or suspend a sentence any time within 180 days after sentencing. In June 1985, the *1136 legislature amended the statute to permit the trial court, under certain circumstances, to consider modifying a sentence more than 180 days after sentencing, thus enlarging the time in which a defendant could petition for modification. Recognizing the general rule that the statute in effect at the time of sentencing applies, the Willis court nonetheless held that the general rule was inapplicable to that case because “the statute under which [defendant] sought relief was procedural, not substantive. ...” 567 N.E.2d at 1172. The court noted that in Crocker, “there was a substantive change because the new statute gave the sentencing court new powers, that is, the power to reduce as well as suspend the remainder of the sentence.” Id, (emphasis added). Then the court noted that “[n]o such substantive change is involved here” because the amendment “did not make any changes in the sentencing court’s power over the sentence, but merely permitted ... the sentencing court to consider sentence modification of the same kind more than 180 days after sentencing.” Id. (emphasis added).[3] Therefore, the court held the defendant was eligible to petition for modification under the amended statute. Id.
[18] In Morris v. State, 936 N.E.2d 354 (Ind.Ct.App.2010), trans. denied, we considered whether a 2001 amendment to the modification statute to add a provision allowing the trial court, after 365 days, to move a defendant from the Department of Correction to community corrections without the prosecutor’s approval was procedural and must apply to a defendant sentenced prior to 2001 according to the Willis rationale. We held the amendment was more akin to the substantive amendment in Crocker that gave the sentencing court new powers than to the one in Willis that “simply [gave] a convicted person additional time to file a petition.... ” Id. at 358. Rather, the modification at issue “[gave] the trial court authority it did not previously have.Id. at 357. Accordingly, the amendment was not merely procedural and did not apply retroactively to give the trial court authority to modify the defendant’s sentence. Id. at 358.
[19] We, like the court in Morris, find the 2014 amendment was not merely procedural. As noted above, a trial court generally has no authority over a defendant after sentencing. Harper, 8 N.E.3d at 696. The legislature has granted trial courts limited authority to modify a sentence pursuant to the provisions of Indiana Code section 35-38-1-17. At the time the Johnsons were sentenced, the statute gave the trial court authority to reduce or suspend a sentence in its discretion within 365 days, Ind.Code § 35-38-l-17(a), after which the trial court lacked authority to alter a sentence unless the prosecutor consented to the modification, Ind.Code § 35-38-l~17(b) (2012); State v. Porter, 729 N.E.2d 591, 592 (Ind.Ct.App.2000). As noted in Porter, this statute does not limit a trial court’s existing power; it grants authority the trial court would not otherwise have. 729 N.E.2d at 593 n. 1. By eliminating the requirement of prosecuto-rial consent in the 2014 version of the statute, the legislature gave the trial court additional authority it did not previously have — the authority to unilaterally alter a defendant’s sentence after the expiration of 365 days. This was a substantive change in the statute.
C. Retroactivity
[20] Even if the amendment were remedial or procedural, we must *1137 have “strong and compelling reasons” to apply a statute retroactively, and absent clear legislative intent to the contrary, we give statutes only prospective effect. Pelley, 828 N.E.2d at 920. To ascertain legislative intent, “we look to the act as a whole and consider each section with reference to all the other sections and presume that the General Assembly would not intend an unreasonable or absurd result.” Brown, 947 N.E.2d at 492. Not only did the legislature not expressly make section 35-38-1-17(b) retroactive in the 2014 revision, the act as a whole includes a savings clause from which it is clear that the legislature did not intend the new criminal code to have any effect on proceedings for offenses committed before July 1, 2014. Ind.Code § 1-1-5.5-21; see Marley v. State, 17 N.E.3d 335, 340 (Ind.Ct.App.2014), tram, deniedl[4]
[21] Every provision of the savings clause bars the Johnsons’ petitions: their crimes were committed, their penalties incurred, and these proceedings were begun before July 1, 2014. The pre-2014 version of the statute which requires prosecutorial consent is therefore applicable to this petition for sentence modification filed by the Johnsons.[5] See Carr v. State, 33 N.E.3d 358, 359 (Ind.Ct.App.2015) (defendant filing petition on July 10, 2014 for modification of sentence imposed in 2000 not entitled to modification without prosecutorial consent under revised statute), trans. pending; Swallows v. State, 31 N.E.3d 544 (Ind.Ct.App.2015) (defendant filing petition on October 1, 2014 for modification of sentence imposed in 1989 not entitled to modification under revised statute because of the plain meaning of the savings clause and legislative intent), trans. pending; Hobbs v. State, 26 N.E.3d 983, 985-86 (Ind.Ct.App.2015) (“[T]here is no question that the current version of Indiana Code Section 35-38-1-17 does not apply” to a defendant who filed his petition for sentence modification on July 23, 2014 but was sentenced in 2006).
Conclusion
[22] Because the 2014 amendment to Indiana Code section 35-38-1-17 was neither remedial nor procedural, and because the savings clause evinces the intent of the legislature to apply the new criminal code only prospectively, the 2014 version of the *1138 sentence modification statute does not apply to the Johnsons. Therefore, the trial court properly determined that, in the absence .of prosecutorial consent, it had no authority to modify the Johnsons’ sentences. The trial court’s orders denying the petitions for sentence modification are affirmed.
[23] Affirmed.
BROWN, J., concurs.
BAILEY, J., concurs in result with opinion.

. The case was consolidated by order of this court dated October 15, 2014, at the joint request of the appellants.

. The statute was amended several times between 1991 and 2014, most significantly in 2001 when the legislature amended subsection (b) to add a second sentence providing that "if in a senténcing hearing for a convicted person conducted after June 30, 2001, the court could have placed the convicted pérson in a community corrections program as an alternative to commitment to the department of correction, the court may modify the convicted person’s sentence under this section without the approval of the prosecuting attorney to place the convicted person in a community corrections program under IC 35-38-2-6.” The first sentence of subsection (b), however, remained substantively the same until the 2014 amendment, and it is this sentence alone that we are concerned with in this appeal.

. Because it acknowledged the substantive change in the statute addressed by Crocker, the court in Willis did not hold that the statute itself was inherently procedural, just that the particular amendment at issue therein was a procedural change. Id.

. We also note that the 2014 statute included a provision restricting a convicted person to filing only one petition for modification within any 365 day period and two petitions during any consecutive period of incarceration. Ind.Code § 35 — 38—1—17(h). If the statute were applied retroactively, it would have to be applied retroactively in whole — thus still precluding the Johnsons, each of whom has already filed two petitions for modification, from relief.

. We note, as does the dissent, that since this case was decided by the trial court and fully briefed to this court, section 35-38-1-17 has been amended again. As this newest amendment did not become effective until May 5, 2015, it is not applicable to this case. We do note that the 2015 version of the sentence modification statute includes language making the section applicable to persons who committed an offense or were sentenced prior to July 1, 2014 notwithstanding the savings clause. Ind.Code § 35-38-l-17(a) (2015). That the legislature amended this section less than one year after the overhaul of the criminal code indicates that the 2014 amendment did not "unequivocally and unambiguously” express any intent for retroactivity in that section. See Pelley, 828 N.E.2d at 919. Moreover, the 2015 revision continues the limit on the number of petitions that may be filed by a defendant and. also re-inserts the requirement of prosecutorial consent for "violent criminals” — which the Johnsons would be by virtue of their convictions of murder, see Ind.Code §§ 35 — 38—1—17(d)(1)—to file a petition for sentence modification after 365 days from the date of sentencing, Ind.Code § 35 — 38—1—17(k). Under any set of circumstances, the Johnsons are not entitled to the relief they seek — modification without prose-cutorial consent.