## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 25 2015, 8:04 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT

Mary K. Zahn
Tyler D. Helmond
Voyles Zahn & Paul
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jon Omstead,
*Appellant-Defendant*,

v.

State of Indiana,
*Appellee-Plaintiff*.

November 25, 2015

Court of Appeals Case No.
49A04-1412-CR-578

Appeal from the Marion Superior Court

The Honorable Grant Hawkins, Judge

Trial Court Cause No.
49G05-9712-CF-189152

**Brown, Judge.**

[1] Jon Omstead appeals from the denial of his petition for modification of sentence. Omstead raises one issue, which we revise and restate as whether the trial court erred in denying his petition. We affirm.

## Facts and Procedural History

[2] On December 29, 1997, Omstead and Christopher Nahas entered the home of Evan Hunter, where Omstead shot Terry Scarborough in the head and Nahas shot Hunter in the head, and the men died from the gunshot wounds. In October 1998, Omstead pled guilty to two counts of murder pursuant to a plea agreement which provided that he would receive concurrent sentences and would not receive a sentence greater than fifty-five years. On March 12, 1999, the court sentenced Omstead to concurrent terms of fifty-five years for each of his murder convictions consistent with the plea agreement.

[3] On October 7, 2014, Omstead filed a Petition for Modification of Sentence. In his petition, Omstead argued that Ind. Code § 35-38-1-17 (2014) is procedural and remedial in nature and therefore can and should be applied retroactively. Omstead argued that he had already served approximately sixteen actual years of his sentence and that he has shown he is deserving of a sentence modification. He requested that the court reduce or suspend his sentence by ten years or, alternatively, order the last ten years be served as an executed sentence in community corrections. He stated he was eighteen years old at the time of the incident, that he is a completely changed individual, and that serving the additional ten years would not serve to further his rehabilitation.

[4] On October 22, 2014, the State filed an objection to modification stating that, pursuant to the version of Ind. Code § 35-38-1-17 in effect when Omstead's offense was committed, the court lacked the authority to modify his sentence without the consent of the prosecutor. The State argued that the 2014 amendments to the statute do not apply retroactively and that the court lacked authority to grant a modification.

[5] On December 3, 2014, the court held a hearing on Omstead's petition for modification of sentence. The court found that Omstead was not eligible for relief and denied his petition.

*Discussion*

[6] The issue is whether the trial court erred in denying Omstead's petition for modification of sentence. We review a trial court's denial of a petition to modify a sentence only for abuse of discretion. *Swallows v. State*, 31 N.E.3d 544 (Ind. Ct. App. 2015) (citing *Hobbs v. State*, 26 N.E.3d 983, 985 (Ind. Ct. App. 2015) (citing *Gardiner v. State*, 928 N.E.2d 194, 196 (Ind. 2010))), *trans. denied*. If the ruling rests on a question of law, however, we review the matter *de novo*. *Id.* (citing *State v. Holloway*, 980 N.E.2d 331, 334 (Ind. Ct. App. 2012)). Matters of statutory interpretation present pure questions of law. *Id.* (citing *State v. Brunner*, 947 N.E.2d 411, 416 (Ind. 2011) (citing *Gardiner*, 928 N.E.2d at 196), *reh'g denied*).

[7] The first step in interpreting a statute is to determine whether the legislature has spoken clearly and unambiguously on the point in question. *Id.* (citing *City of*

*Carmel v. Steele*, 865 N.E.2d 612, 618 (Ind. 2007)). When a statute is clear and unambiguous, we need not apply any rules of construction other than to require that words and phrases be taken in their plain, ordinary, and usual sense. *Id.* However, when a statute is susceptible to more than one interpretation, it is deemed ambiguous and thus open to judicial construction. *Id.* When faced with an ambiguous statute, other well-established rules of statutory construction are applicable. *Id.* One such rule is that our primary goal of statutory construction is to determine, give effect to, and implement the intent of the legislature. *Id.* To effectuate legislative intent, we read the sections of an act together in order that no part is rendered meaningless if it can be harmonized with the remainder of the statute, examine the statute as a whole, and do not presume that the legislature intended language used in a statute to be applied illogically or to bring about an unjust or absurd result. *Id.*

[8]     Ind. Code § 35-38-1-17 addresses the reduction or suspension of a sentence. Prior to July 1, 2014, the statute provided in part:

> If more than three hundred sixty-five (365) days have elapsed since the convicted person began serving the sentence and after a hearing at which the convicted person is present, the court may reduce or suspend the sentence, *subject to the approval of the prosecuting attorney*. . . .

Ind. Code § 35-38-1-17(b) (2012) (emphasis added); *see also* Ind. Code § 35-38-1-17(b) (1991) (substantively similar provision permitting the court to reduce or suspend the sentence "subject to the approval of the prosecuting attorney").

[9]     Effective July 1, 2014, the criminal code was subject to a comprehensive revision pursuant to Pub. L. No. 158-2013 and Pub. L. No. 168-2014. The sentence modification statute as amended in 2014 provided in relevant part:

> If more than three hundred sixty-five (365) days have elapsed since the convicted person began serving the sentence, the court may reduce or suspend the sentence and impose a sentence that the court was authorized to impose at the time of sentencing. The court must incorporate its reasons in the record.

Ind. Code § 35-38-1-17(c) (eff. Jul. 1, 2014).

[10]    The legislature also enacted a savings clause which provides:

> (a) A SECTION of P.L. 158-2013 or P.L. 168-2014 does not affect:
>> (1) penalties incurred;
>> (2) crimes committed; or
>> (3) proceedings begun;
>
> before the effective date of that SECTION of P.L. 158-2013 or P.L. 168-2014. Those penalties, crimes, and proceedings continue and shall be imposed or enforced under prior law as if that SECTION of P.L. 158-2013 or P.L. 168-2014 had not been enacted.
>
> (b) The general assembly does not intend the doctrine of amelioration (see Viceroy v. State, 400 N.E.2d 1380 (Ind. 1980)) to apply to any SECTION of P.L. 158-2013 or P.L. 168-2014.

Ind. Code § 1-1-5.5-21 (eff. July 1, 2014).

[11]    Omstead maintains that he is entitled to the benefit of the sentence modification statute as amended in 2014. He argues that the triggering event in determining whether the statute applies should be the date of filing the petition for modification and not the date of the offense or the date of sentencing. Omstead

further contends that the amended statute is procedural and remedial and thus applies retroactively to him. He posits that the savings clause does not foreclose application of the 2014 statute to him because a request for a sentence modification is not a penalty incurred or a crime committed and the proceeding here began when he sought modification on October 7, 2014. He also argues that the goals of the criminal code revision, including favoring simplicity, promoting rehabilitation of offenders in a community setting, avoiding use of scarce prison space for nonviolent offenders, and giving trial courts maximum discretion, support applying the 2014 statute.

[12] The State's position is that the trial court properly denied Omstead's petition as it did not have the authority to modify his sentence under the modification statute. The State argues that the language of the savings clause is all-encompassing, that Omstead's sentence is a penalty incurred prior to July 1, 2014, and that by the plain language of the statute the penalty may not be affected in any way by any provision of the revised code. The State also contends that, regardless, the issue is moot because effective May 5, 2015, the legislature amended Ind. Code § 35-38-1-17 so that defendants who were sentenced prior to July 1, 2014, and who are not violent criminals may request a sentence modification.

[13] Generally, "[s]tatutes are to be given prospective effect only, unless the legislature unequivocally and unambiguously intended retrospective effect as well." *Johnson v. State*, 36 N.E.3d 1130, 1134 (Ind. Ct. App. 2015) (citing *State v. Pelley*, 828 N.E.2d 915, 919 (Ind. 2005)), *trans. denied*. An exception to this

general rule exists for remedial or procedural statutes. *Id.* (citing *Martin v. State*, 774 N.E.2d 43, 44 (Ind. 2002)). Although statutes and rules that are procedural or remedial may be applied retroactively, they are not required to be. *Id.* (citing *Pelley*, 828 N.E.2d at 919-920). Even for procedural or remedial statutes, "retroactive application is the exception, and such laws are normally to be applied prospectively absent strong and compelling reasons." *Id.* (citing *Hurst v. State*, 890 N.E.2d 88, 94-96 (Ind. Ct. App. 2008) (quotation omitted), *trans. denied*).

[14] In *Hobbs v. State*, Hobbs was convicted in 2006 for offenses he committed in 2005, and the trial court sentenced him to an aggregate sentence of twenty-three years. 26 N.E.3d at 984-985. On July 23, 2014, Hobbs filed a petition for modification of his sentence pursuant to Ind. Code § 35-38-1-17(c) (2014), and we denied his petition and held that the 2014 version of the statute did not apply to him. *Id.* at 985-986. We explained:

> [Ind. Code § 35-38-1-17(c)] became effective July 1, 2014, as part of the General Assembly's overhaul of our criminal code pursuant to P.L. 158-2013 and P.L. 168-2014. It was not in effect at the time Hobbs committed his offense against L.M.; rather, the law in effect at that time stated in relevant part: "If more than three hundred sixty-five (365) days have elapsed since the defendant began serving the sentence and after a hearing at which the convicted person is present, the court may reduce or suspend the sentence, *subject to the approval of the prosecuting attorney*." I.C. § 35-38-1-17(b) (2005) (emphasis added); *see also Harris v. State*, 897 N.E.2d 927, 928-929 (Ind. 2008) ("The sentencing statute in effect at the time a crime is committed governs the sentence for that crime.").

> Despite Hobbs' assertions to the contrary on appeal, there is no question that the current version of Indiana Code Section 35-38-1-17 does not apply to him. I.C. § 1-1-5.5-21 ("The general assembly does not intend the doctrine of amelioration . . . to apply to any SECTION of P.L. 158-2013 or P.L. 168-2014"); *see also Marley v. State*, 17 N.E.3d 335, 340 (Ind. Ct. App. 2014) ("It is abundantly clear . . . that the General Assembly intended the new criminal code to have no effect on criminal proceedings for offenses committed prior to the enactment of the new code."), *trans. denied*. Hobbs' arguments to the contrary are without merit.

*Id.* In subsequent cases, we also cited the savings clause and reached the conclusion that the 2014 amendment eliminating the requirement of approval of the prosecutor did not apply retroactively. *See Carr v. State*, 33 N.E.3d 358, 358-359 (Ind. Ct. App. 2015) (citing the savings clause and *Hobbs* and concluding the version of Ind. Code § 35-38-1-17 which became effective July 1, 2014, did not apply where Carr's crime was committed in 1999), *trans. denied*; *Swallows*, 31 N.E.3d at 545-547 (noting the plain meaning of the savings clause and the reasoning in *Hobbs* and concluding that the version of Ind. Code § 35-38-1-17 which became effective on July 1, 2014, did not apply to Swallows's petition to modify a sentence that he began serving in 1989).[1]

---

[1] *But see Moore v. State*, 30 N.E.3d 1241, 1245-1250 (Ind. Ct. App. 2015) (concluding in part that the 2014 amendment constituted a procedural change, that the savings clause did not prevent a person convicted prior to July 1, 2014 from bringing his petition under the statute as revised by the 2014 amendment, and that the trial court had the authority to entertain Moore's petition without the consent of the prosecutor), *trans. not sought*.

[15] Additionally, in *Johnson v. State*, Dennis Johnson and Raymond Johnson, whose cases were consolidated on appeal, were sentenced in 1997. 36 N.E.3d at 1131-1132. The Johnsons filed requests for evaluation on December 19, 2013, which the trial court treated as petitions for sentence modifications, and the court held a hearing in August 2014 at which the Johnsons noted that the modification statute had changed on July 1, 2014. *Id.* at 1132. The trial court denied the Johnsons' request. *Id.* On appeal, the Johnsons argued that the 2014 amendment to the modification statute was remedial and procedural and should be applied retroactively to their petitions despite the savings clause. *Id.* at 1133. As to whether the 2014 amendment was remedial, we observed that Indiana courts consistently held that once the limited amount of time granted by the statute passed, the trial court was without authority to reduce or suspend a sentence unless the prosecutor consented. We also noted that there is no indication that the requirement of prosecutorial consent was an error, and that the legislature enacted the prosecutorial consent provision of the modification statute in 1991 and did not eliminate it for over twenty years, during which time our legislature amended the statute in other ways. We thus concluded that the 2014 amendment to Ind. Code § 35-38-1-17(b) was not remedial. *Id.* at 1134-1135. As to whether the 2014 amendment was procedural, we observed that, at the time the Johnsons were sentenced, the statute gave the trial court authority to reduce or suspend a sentence in its discretion within 365 days, after which the trial court lacked authority to alter a sentence unless the prosecutor consented, and that, "[b]y eliminating the requirement of prosecutorial consent in the 2014 version of the statute, the legislature gave the trial court additional

authority it did not previously have—the authority to unilaterally alter a defendant's sentence after the expiration of 365 days." *Id.* at 1135-1136. We concluded that the 2014 amendment to Ind. Code § 35-38-1-17(b) constituted a substantive and not a procedural change and affirmed the trial court's denial of the petitions for sentence modification. *Id.* at 1136-1138.[2]

[16] Based on *Hobbs* and *Johnson*, and given the language of the savings clause found at Ind. Code § 1-1-5.5-21 (2014), and that the 2014 amendment was not remedial or procedural, we conclude that the version of Ind. Code § 35-38-1-17 which became effective July 1, 2014, does not apply to Omstead's petition for modification of sentence. The trial court did not err in denying his petition.[3]

## *Conclusion*

[17] For the foregoing reasons, we affirm the trial court's denial of Omstead's petition for modification of sentence.

---

[2] Following this court's opinion, the Johnsons filed a petition to transfer. The Indiana Supreme Court held oral argument and issued an order denying the Johnsons' petition to transfer on the same day, leaving this court's opinion undisturbed.

[3] We also note that, after the trial court denied Omstead's petition, Ind. Code § 35-38-1-17 was amended again. The most recent amendment became effective on May 5, 2015, and is not applicable to this case. Nevertheless, we note that the 2015 version of the statute includes a provision that, notwithstanding the savings clause found at Ind. Code § 1-1-5.5-21, the provisions of Ind. Code § 35-38-1-17 are applicable to a person who committed an offense or was sentenced before July 1, 2014. Ind. Code § 35-38-l-17(a) (2015). However, the 2015 version also provides that, except as provided in subsections (k) and (m), Ind. Code § 35-38-l-17 does not apply to a "violent criminal," and a violent criminal is defined to include a person convicted of murder. Ind. Code § 35-38-l-17(c), (d)(1) (2015). Ind. Code § 35-38-l-17(k) (eff. May 5, 2015) provides that, "[a]fter the elapse of the three hundred sixty-five (365) day period, a violent criminal may not file a petition for sentence modification without the consent of the prosecuting attorney." Thus, Omstead would not be entitled to file a petition for modification of his sentence under the 2015 version of the modification statute without prosecutorial consent.

[18]    Affirmed.

Riley, J., and Friedlander, Sr. J., concur.