# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 28 2017, 8:26 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

James D. Crum
Coots, Henke & Wheeler, P.C.
Carmel, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Keith Gwaltney,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

February 28, 2017

Court of Appeals Case No.
29A04-1610-CR-2283

Appeal from the Hamilton
Superior Court

The Honorable Steven R. Nation,
Judge

Trial Court Cause No.
29D01-1510-CM-8747
29D01-1510-F6-8748

**Robb, Judge.**

# Case Summary and Issue

[1] Keith Gwaltney was convicted of possession of a synthetic or lookalike drug as a Class A misdemeanor and failure to return to lawful detention as a Level 6 felony. The trial court sentenced Gwaltney to an aggregate sentence of two and one-half years in the Indiana Department of Correction, to be served consecutively to each of two prior sentences Gwaltney received in the months leading up to this case. Gwaltney now appeals, raising a single issue, which we restate as whether the trial court abused its discretion in sentencing him. Concluding the trial court did not abuse its discretion, we affirm.

# Facts and Procedural History

[2] In June 2015, Gwaltney was convicted of criminal confinement as a Level 5 felony in Hamilton County Superior Court 1. The trial court sentenced him to six years in prison ("Sentence One"), a portion of which was to be served on work release. While serving Sentence One on work release in September 2015, Gwaltney was found in possession of spice, failed to return to work release, and contacted the victim of his criminal confinement crime despite a no contact order. Thereafter, the State charged Gwaltney with invasion of privacy as a Class A misdemeanor in Hamilton County Superior Court 3. The State also charged Gwaltney with possession of a synthetic or lookalike drug as a Class A misdemeanor and failure to return to lawful detention as a Level 6 felony; each of these charges was filed in Superior Court 1.

[3] On April 22, 2016, Gwaltney was convicted of invasion of privacy as a Class A misdemeanor in Superior 3 and sentenced to one year executed in the Department of Correction ("Sentence Two"), to be served consecutively to Sentence One. On September 22, 2016, Gwaltney was convicted of possession of a synthetic drug as a Class A misdemeanor and failure to return to lawful detention as a Level 6 felony. The trial court sentenced him to one year executed for the possession conviction and two and one-half years executed for the failure to return conviction, to be served concurrently ("Sentence Three"). The trial court further ordered Sentence Three be served consecutively to Sentence One and concurrently with Sentence Two.

[4] The following day, the trial court reconvened the sentencing hearing in order to clarify Gwaltney's sentence. The trial court explained, "[s]entencing hearing occurred yesterday . . . and the Court in making the [sentencing] statement included . . . that the sentences were concurrent with [Sentence Two]. When I was reviewing the orders to sign on this, that was not my intent and I'm now going to correct the record . . . ." Transcript of Appeal at 16. Thus, the trial court amended its sentencing order and ordered Sentence Three be served consecutively to Sentence One and consecutively to Sentence Two. This appeal ensued.

## Discussion and Decision

[5] Gwaltney contends the trial court abused its discretion in sentencing him. Specifically, he claims the trial court erroneously concluded it could not as a

matter of law order Sentence Three run concurrent with Sentence Two, when in fact the court was not obligated to run these sentences consecutively but had discretion to order the sentences be served concurrently.[1] He therefore requests we reverse and remand to the trial court with instructions to order Sentence Three run concurrent with Sentence Two. The State counters the trial court had always intended to impose consecutive sentences and it properly clarified its sentencing statement to reflect its intent. We agree with the State.

[6] We review a trial court's sentencing decision for an abuse of discretion. *McElfresh v. State*, 51 N.E.3d 103, 107 (Ind. 2016). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court or when the court misinterprets the law. *Johnson v. State*, 36 N.E.3d 1130, 1133 (Ind. Ct. App. 2015), *trans. denied*.

[7] Gwaltney turns our attention to a single statement at the clarification hearing where the trial court stated, "[T]he Court's intention was to be sure that I did not set aside what the [Superior 3] Judge had done. And the [Superior 3] Judge had ordered that [Sentence Two] was a consecutive sentence to [Sentence One]." Tr. of Appeal at 19. Thus, according to Gwaltney, the trial court was under the impression it was required to order Sentence Three be served consecutively to Sentence Two because doing otherwise would "negatively

---

[1] Gwaltney agrees his sentence has to be served consecutively to Sentence One. *See* Appellant's Brief at 7. Moreover, he does not challenge his sentence on the basis the trial court did not have the *authority* to order Sentence Three be served consecutively to Sentence Two. As the State points out, there were valid reasons supporting consecutive sentences.

affect the Superior Court 3 judge's intent for [Sentence Two] to be consecutive to [Sentence One]." Appellant's Brief at 7. Although we certainly acknowledge some confusion occurred in sentencing Gwaltney, a thorough review of the clarification hearing transcript makes clear the trial court always intended to order Sentence Three be served consecutively to Sentence Two. *See* Tr. of Appeal at 20 (trial court noting the State's assertion that the parties convened for the clarification hearing "to clarify and make sure that the order shows the Court's original intention yesterday morning" was "correct"). After reviewing its statement ordering Sentence Three be served concurrently with Sentence Two, the trial court recognized its mistake and promptly scheduled a hearing the following day to clarify its order to reflect its original intent to order Sentence Three be served consecutively to Sentence Two. We therefore conclude the trial court did not abuse its discretion in ordering Sentence Three be served consecutively to Sentence Two.

# Conclusion

[8] The trial court did not abuse its discretion in sentencing Gwaltney. Accordingly, we affirm.

[9] Affirmed.

Kirsch, J., and Barnes, J., concur.