## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 27 2017, 11:19 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Richard Dodd
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Richard Dodd, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | September 27, 2017 <br><br> Court of Appeals Case No. 71A03-1706-CR-1211 <br><br> Appeal from the St. Joseph Superior Court <br><br> The Honorable Elizabeth C. Hurley, Judge <br><br> Trial Court Cause No. 71D02-9712-CF-550 |

**Altice, Judge.**

## Case Summary

[1] Richard Dodd appeals from the trial court's order denying his motion to modify his sentence. On appeal, he argues that the trial court erred in concluding that the State's consent to the filing was required.

[2] We affirm.

## Facts & Procedural History

[3] In 1998, Richard Dodd was convicted of attempted murder and burglary. He received consecutive sentences of fifty and eight years, respectively. His convictions were affirmed on direct appeal and our Supreme Court denied transfer. Thereafter, Dodd filed various petitions for post-conviction relief and motions regarding his sentence. In 2013, the post-conviction court found that the consecutive sentences imposed exceeded the maximum permitted for an episode of criminal conduct and resentenced Dodd to fifty years for attempted murder and a consecutive term of five years for burglary.

[4] In 2016, Dodd filed the current motion to modify his sentence. The State objected and, after a change of judge, the trial court issued a written order denying the motion because the State had not consented to the filing. Dodd now appeals.

## Discussion & Decision

[5] Dodd argues that the trial court erred in concluding that the State's consent to the filing of the motion to modify was required. This court reviews a trial court's decision on a motion to modify a sentence for an abuse of discretion.

*Johnson v. State*, 36 N.E.3d 1130, 1133 (Ind. Ct. App. 2015), *trans. denied*. "An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court or when the court misinterprets the law." *Id.* The issue presented here is one of statutory interpretation, which is a question of law. *See id.* When presented with a pure question of law, we review the matter de novo. *Id.*

[6] The sentence modification statute in effect at the time Dodd was sentenced provided that if more than 365 days had elapsed since the defendant began serving his or her sentence, the court was permitted to reduce or suspend the sentence only with the approval of the prosecuting attorney. *See* Ind. Code § 35-38-1-17 (West 1992). In 2014, the modification statute was amended to allow nonviolent offenders to twice pursue sentence modification without the prosecuting attorney's consent. Ind. Code § 35-38-1-17(j). Individuals classified as "violent criminals," however, are still required to obtain the consent of the prosecuting attorney if the motion to modify is filed more than 365 days from the date of sentencing. I.C. § 35-38-1-17(k). The statute defines "violent criminal" to include individuals convicted of attempted murder. I.C. § 35-38-1-17(d). In 2015, the legislature again amended the statute to clarify that the amended modification statute applies to individuals who, like Dodd, committed their crimes or were sentenced prior to July 1, 2014. *See* I.C. § 35-38-1-17(a); *Woodford v. State*, 58 N.E.3d 282, 285 (Ind. Ct. App. 2016).

[7] The current version of the modification statute is therefore controlling, but because Dodd is classified as a violent criminal under that version of the statute

and more than 365 days have elapsed from the date of his sentencing, the prosecutor's consent was required. Nevertheless, Dodd argues that he should not be considered a violent criminal for the purposes of I.C. § 35-38-1-17 because, at the time he was sentenced, attempted murder was not classified as a crime of violence under Ind. Code § 35-50-1-2. But I.C. § 35-50-1-2 addresses the limits on the lengths of consecutive sentences for nonviolent felonies arising out of an episode of criminal conduct. It has no application to sentence modifications and is therefore irrelevant to the case before us. The sentence modification statute is self-contained, providing its own definition of "violent criminal," which expressly includes individuals convicted of attempted murder. I.C. § 35-38-1-17. Dodd wishes to obtain the benefits of the amended modification statute (i.e., the elimination of the consent requirement for nonviolent criminals) without being subject to its limitations (i.e., the definition of violent criminal). He cannot have it both ways. The trial court correctly concluded that the prosecutor's consent to the motion to modify was required.

[8] Judgment affirmed.

[9] Baker, J. and Bailey, J., concur.