## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 08 2018, 8:18 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT *PRO SE*

Gary Amick
Branchville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Gary Amick,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

November 8, 2018

Court of Appeals Case No.
18A-CR-1027

Appeal from the Scott Circuit Court

The Honorable Roger L. Duvall, Judge

Trial Court Cause Nos.
72C01-1512-F5-63
72C01-1405-FA-7

**Bradford, Judge.**

# Case Summary

[1] Gary Amick entered into a plea agreement with the State which provided for a fixed sentence of eight years of incarceration and was sentenced accordingly. On January 15, 2018, Amick moved for modification of sentence, which motion was denied. Amick contends that the trial court erred in denying his motion for modification. Because we disagree, we affirm.

# Facts and Procedural History

[2] On August 15, 2016, pursuant to a plea agreement, Amick pled guilty to a Level 5 felony possession of a handgun without a license under cause number 72C01-1512-F5-63 ("Cause No. F5-63") and a Class C felony dealing in a scheduled IV controlled substance under cause number 72C01-1405-FA-7 ("Cause No. FA-7"). The plea agreement provided for a fixed term of four years of incarceration in Cause No. F5-63 and a fixed term of four years of incarceration in Cause No. FA-7, to be served consecutively. In exchange for Amick's plea, the State agreed to dismiss numerous additional counts in each cause.[1] On September 12, 2016, the trial court sentenced Amick pursuant to the plea agreement. On January 15, 2018, Amick moved to modify his sentence, which motion the trial court denied. The trial court found that Amick was

---

[1] The State dismissed nine counts in F5-63, three counts in FA-7, and a petition to revoke Amick's suspended sentence in another cause.

sentenced pursuant to the terms of the plea agreement and was therefore not entitled to modification.

# Discussion and Decision

[3] Amick contends that the trial court erred in denying his motion for modification of sentence. Amick asserts that, pursuant to Indiana Code section 35-38-1-17, he was eligible for, and the trial court could have granted, modification of his sentence. Amick also contends that he could not have waived his right to seek modification in the plea agreement under the statute. As an initial matter, because the trial court never found that Amick waived his right to seek modification, we do not address that claim. We review the trial court's decision concerning modification of a sentence for an abuse of discretion. *Johnson v. State*, 36 N.E.3d 1130, 1133 (Ind. Ct. App. 2015), *trans. denied*. "An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court or when the court misinterprets the law." *Id.* Where parties differ as to the interpretation of a statute, which is a question of law, we review the trial court's decision interpreting such statute *de novo. Id.*

[4] Plea agreements are contractual in nature, binding the defendant, the State, and the trial court once the trial court accepts it. *St. Clair v. State*, 901 N.E.2d 490, 492 (Ind. 2009). Once the trial court accepts the plea agreement, it possesses only the amount of sentencing discretion provided for in the agreement. *Id.* at 493. A plea agreement may be modified by statute

[a]t any time after a convicted person begins serving the person's sentence; and the court obtains a report from the department of correction concerning the convicted person's conduct while imprisoned; the court may reduce or suspend the sentence and impose a sentence *that the court was authorized to impose at the time of sentencing*. However, if the convicted person was sentenced under the terms of a plea agreement, the court may not, without the consent of the prosecuting attorney, reduce or suspend the sentence and impose a sentence not authorized by the plea agreement.

Ind. Code § 35-38-1-17(e) (emphasis added).

[5] Although Amick contends that the trial court could have modified his sentence because of his eligibility pursuant to Indiana Code section 35-38-1-17, he bases his argument on case law that has been vacated by the Indiana Supreme Court. *See Rodriguez v. State*, 100 N.E.3d 696 (Ind. 2018) (vacating the Court of Appeals's opinion and remanding for further proceedings consistent with recent changes made to Indiana Code section 35-38-1-17 regarding the modification of sentences imposed pursuant to plea agreements). Indiana Code section 35-38-1-17 is clear that if a trial court chooses to modify a defendant's sentence, it may only impose a sentence that it could have imposed at the time of sentencing. The plea agreement that Amick and the State agreed to, and the trial court accepted, provided for a fixed sentence of eight years. No other sentence was authorized by the plea agreement. Therefore, the trial court could not modify Amick's sentence because the eight-year sentence was the only one it was authorized to impose. *Rivera v. State*, 851 N.E.2d 299, 301 (Ind. 2006). Amick

has failed to establish that the trial court erred in denying his motion for modification of sentence.

[6] The judgment of the trial court is affirmed.

Bailey, J., and Mathias, J., concur.