## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 06 2019, 11:05 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Marshaun Bugg
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Marshaun Bugg,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

May 6, 2019

Court of Appeals Case No.
18A-CR-2890

Appeal from the Marion Superior Court

The Honorable Kurt M. Eisgruber, Judge

Trial Court Cause No.
49G01-0202-MR-59298

**Najam, Judge.**

# Statement of the Case

[1] Marshaun Bugg[1] appeals the trial court's denial of his motion to modify his sentence to placement in a community corrections program. Bugg raises two issues for our review, which we restate as whether the trial court erred when it denied Bugg's motion.[2] We affirm.

# Facts and Procedural History

[2] On July 7, 2006, the trial court sentenced Bugg to sixty-five years in the Department of Correction following his conviction for murder. On November 7, 2018, Bugg filed a "motion for alternative placement" with the trial court. Appellant's App. Vol. 2 at 16. In that motion, Bugg stated that he "does not wish the Court to construe this Motion as a 'Motion for Modification of Sentence'[;] Sentence Length to remain at present time and only alternative placement is to be considered herein." *Id.* Bugg did not obtain the prosecuting attorney's consent to his request for alternative placement. The trial court denied Bugg's motion the same day. This appeal ensued.

---

[1] There is confusion in the record over the spelling of Bugg's name. We follow the spelling Bugg uses in his own signature.

[2] Bugg's purported issue that the trial court clerk somehow interfered with his motion because "DENIED" was later stamped on that motion is not supported by cogent reasoning, and we do not consider it. *See* Ind. Appellate Rule 46(A)(8)(a).

# Discussion and Decision

[3]     On appeal, Bugg asserts that the trial court erred when it denied his motion to modify his placement. In general, we review a trial court's decision regarding modification of a sentence for an abuse of discretion. *Johnson v. State*, 36 N.E.3d 1130, 1133 (Ind. Ct. App. 2015), *trans. denied*. An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court or when the court misinterprets the law. *Id.* However, where, as here, the question on appeal involves the interpretation of certain statutes, our review is *de novo*. *Id.*

[4]     Bugg's request in his motion to the trial court notwithstanding, the trial court treated his motion as a motion for modification of sentence under Indiana Code Section 35-38-1-17. That statute states that a defendant who, like Bugg, has been convicted of murder (among other offenses) "may, . . . [a]fter the elapse of [a] three hundred sixty-five (365) day period" from the date of his sentencing, "file a petition for sentence modification" only if "the consent of the prosecuting attorney" is given. Ind. Code § 35-38-1-17(k) (2018). Our case law is clear that a request for a change in placement is a request for a "sentence modification" under that statute. *Keys v. State*, 746 N.E.2d 405, 407 (Ind. Ct. App. 2001). And the record is clear here that Bugg did not obtain the consent of the prosecuting attorney when he made his request for a change in placement. Accordingly, the trial court properly denied Bugg's motion.

[5] Nonetheless, Bugg argues that the trial court applied the wrong statute to his motion to modify his placement. In particular, Bugg asserts that the trial court should have treated his motion as a request under Indiana Code Chapter 35-38-2.6, which applies to the direct placement of a defendant to a community corrections program at the time of sentencing. But we have long recognized that Chapter 35-38-2.6 "merely authorizes the trial court to suspend a sentence and place a defendant in a community corrections program at the time of sentencing . . . . [I]t does not allow the trial court to modify placement after sentencing." *Id.* In other words, Indiana Code Chapter 35-38-2.6 did not apply to Bugg's motion for modification of placement. *Id.*; *see also* I.C. § 35-38-2.6-3(a) ("The court may, *at the time of sentencing*, suspend the sentence and order a person to be placed in a community corrections program . . . .") (emphasis added). Accordingly, Bugg's assertion that the trial court erred when it denied his motion for modification of placement fails as a matter of law, and we affirm the trial court's judgment.

[6] Affirmed.

Baker, J., and Robb, J., concur.