## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 31 2019, 9:19 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Russell B. Cate
Cate, Terry & Gookins LLC
Carmel, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael Wise, Sr.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 31, 2019

Court of Appeals Case No.
18A-CR-3141

Appeal from the Hamilton
Superior Court

The Honorable Steven R. Nation,
Judge

Trial Court Cause No.
29D01-1412-CF-9933

**Pyle, Judge.**

# Statement of the Case

Michael Wise ("Wise") appeals the denial of his motion for modification to be placed in a Purposeful Incarceration Program, which he filed while incarcerated and serving a sixteen-year sentence. Wise argues the trial court erred when it denied his motion after treating it as a motion to modify his sentence. Concluding that there was no error in denying Wise's motion, we affirm the trial court.

We affirm.

# Issue

Whether the trial court erred by denying Wise's motion to modify his sentence.

# Facts

On December 11, 2014, the State charged Wise with one count of Class C felony check fraud and one count of Class D felony check fraud, alleging that the two offenses had occurred between June 20, 2014 and June 30, 2014. The State also alleged that Wise was an habitual offender. The matter proceeded to a jury trial, and the jury found him guilty as charged. At the subsequent sentencing hearing, the trial court sentenced Wise to an aggregate executed sentence of sixteen (16) years in the Department of Correction.

[4] The Chronological Case Summary indicates that on July 18, 2018, Wise filed a "Motion to Modify Sentence"[1] ("First Motion to Modify Sentence"), which the trial court denied on August 1, 2018. (App. 19). Thereafter, on September 14, 2018, Wise filed a "Motion for Modification of Placement" ("Second Motion to Modify Sentence"), seeking placement in a Community Corrections program. (App. 102). The trial court denied this modification motion on September 26, 2018.

[5] Later, on November 15, 2018, Wise filed a "Motion for Placement in the Purposeful Incarceration Program" ("Third Motion to Modify Sentence"), which is the motion at issue in this appeal. (App. 116). In that motion, Wise stated that he had "completed the Growth Responsibility Integrity Purpose (GRIP) substance abuse therapeutic community [program]" and requested that the trial court "issue a new sentencing order to the Department of Correction placing him in the Purposeful Incarceration Program" by "modifying his sentence and granting him alternative placement." (App. 116, 119). The State objected, and the trial court denied the motion on November 29, 2018. In its order, the trial court stated the following:

> Comes now the Court having examined the Defendant's 3rd Motion for Modification of Sentence; the State of Indiana having submitted its objection thereto; and the Court having examined the pleadings and its case file. The Court, being duly advised in the premises, now **DENIES** Defendant's said motion.

---

[1] Wise failed to include this motion in his appendix.

> IT IS THEREFORE ORDERED, ADJUDGED, AND
> DECREED that Defendant's 3rd Motion for Modification of
> Sentence shall be denied. The Defendant has now filed three
> Motions to Modify and is barred by statute from filing any
> further requests for modification.

(App. 124). In other words, the trial court applied the most recently amended version of INDIANA CODE § 35-38-1-17 when it denied his motion. Wise now appeals.

# Decision

[6] At the outset, we note that this Court has previously held that a request for a change in placement after sentencing is a request for a "sentence modification" under INDIANA CODE § 35-38-1-17. *Keys v. State*, 746 N.E.2d 405, 407 (Ind. Ct. App. 2001). It follows that the trial court properly viewed Wise's motion for placement modification as a motion to modify his sentence. Indeed, Wise's own motion requested that the trial court modify his sentence and issue a new sentencing order. Wise's argument to the contrary is unconvincing.

[7] On appeal, Wise argues that the trial court erred when it denied his Third Motion to Modify Sentence. We generally review a trial court's decision regarding modification of a sentence for an abuse of discretion. *Gardiner v. State*, 928 N.E.2d 194, 196 (Ind. 2010). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court or when the court misinterprets the law. *Johnson v. State*, 36 N.E.3d 1130, 1133 (Ind. Ct. App. 2015), *trans. denied*. However, we review matters of statutory interpretation *de novo*. *Id.*

[8] At issue in this case is INDIANA CODE § 35-38-1-17, which was amended in July 2014 and May 2015. The parties dispute what version of the statute applies to Wise's motions. Previously, this Court held that the July 2014 amendment had no retroactive application. *See*, *e.g.*, *Swallows v. State*, 31 N.E.3d 544, 547 (Ind. Ct. App. 2015) (holding that defendant sentenced in 1989 had no right to sentence modification without prosecutor's approval under 2014 version of INDIANA CODE § 35-38-1-17), *trans. denied*, *superseded by statutory amendment*. However, effective May 2015, the amended statute now "applies to a person who: (1) commits an offense; or (2) is sentenced; before July 1, 2014." *See* IND. CODE § 35-38-1-17(a); P.L. 164-2015, Sec. 2. Because Wise committed his offenses in June 2014, we agree with the State that the statute, as currently written, applies to Wise.

[9] INDIANA CODE § 35-38-1-17 provides, in pertinent part:

> (a) Notwithstanding IND. CODE § 1-1-5.5-21, this section applies to a person who:
>
>   (1) commits an offense; or
>
>   (2) is sentenced;
>
> before July 1, 2014.
>
> * * *
>
> (j) This subsection applies only to a convicted person who is not a violent criminal. A convicted person who is not a violent criminal may file a petition for sentence modification under this section:
>
>   (1) not more than one (1) time in any three hundred sixty-five (365) day period; and

(2) a maximum of two (2) times during any consecutive period of incarceration;

without the consent of the prosecuting attorney.

I.C. § 35-38-1-17(a), (j).

Here, Wise filed three motions to modify his sentence: the first on July 18, 2018; the second on September 14, 2018; and the third on November 15, 2018. In his Third Motion to Modify Sentence, which is at issue, he requested placement in the Purposeful Incarceration Program. All three of Wise's motions are subject to the limitations imposed in INDIANA CODE § 35-38-1-17(j). Because Wise exceeded both restrictions on filings by filing more than one modification petition in a one-year period and more than two during the same period of incarceration, the consent of the prosecutor was necessary. The State objected to Wise's third petition, which meant that it did not satisfy the requirements of INDIANA CODE § 35-38-1-17. Because Wise's Third Motion to Modify Sentence exceeded the authorized number of filings as a matter of law, the trial court did not abuse its discretion when it denied his motion.

Affirmed.

Riley, J., and Bailey, J., concur.