## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 14 2016, 8:08 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Aaron E. Haith
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregroy F.Zoeller
Attorney General of Indiana
Indianapolis, Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Steven Wright,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | January 14, 2016<br><br>Court of Appeals Case No.<br>49A05-1409-CR-426<br><br>Appeal from the Marion Superior Court, Criminal Division, Room No. 1<br><br>The Honorable Steven Rubick, Magistrate<br><br>The Honorable Kurt M. Eisgruber, Judge<br><br>Trial Court Cause No.<br>49G01-0211-FB-276086 |

**Altice, Judge.**

## Case Summary

Steven Wright appeals from the trial court's denial of his motion to modify his sentence.

We affirm.

## Facts & Procedural History

The facts underlying Wright's convictions were set out on direct appeal by our Supreme Court as follows:

> Wright was the stay-at-home caregiver for four very young children, whom he battered and neglected over a substantial period of time.
>
> * * *
>
> When the Marion County Sheriff's Department went to Wright's home on September 2, 2001, to investigate the concern of an alarmed relative who had recently seen the children, it was not the first indication that Wright was abusing and neglecting the children in his care. In April 1999, Ma. W., then five months old, arrived at the hospital with a fever, but medical examination revealed she also had seven right rib fractures and two left rib fractures and a healing fracture in her right femur. Wright told investigating officers that the leg was broken when an uncle had lost his grip while holding the child and grabbed her to prevent her from falling. At that time, Wright had no explanation for the broken ribs, except to suggest that he had, perhaps, held Ma. W. too tightly. At trial, however, Wright suggested the possibility that both the ribs and femur were broken when the uncle grabbed his daughter to prevent her from falling.

The scene observed by the sheriff's deputies thirty months later was a chilling one. Two twins lying on a couch presented such a shocking appearance that the officers immediately called an ambulance. The children's heads were enlarged and swollen; their bodies were malnourished and thin; their eyes were popping out of their heads. Medical examination showed that each child had suffered at least seventeen fractures on various parts of their bodies. At seven months of age, they weighed barely ten pounds apiece. The record is replete with details of brain injury and other damage to the twins. Upstairs, the deputies found Ma. W. and her sister, ages three and two, in somewhat less distressful condition.

*Wright v. State*, 829 N.E.2d 928, 929 (Ind. 2005) (citations to record omitted).

[4] Wright was convicted of two counts of neglect of a dependent and four counts of battery, all class B felonies. Wright was subsequently sentenced to fifteen years on every count with three terms ordered consecutive thereby resulting in an aggregate executed sentence of forty-five years. Wright appealed challenging the sufficiency of the evidence and the appropriateness of his sentence. This court affirmed the trial court's judgment. *Wright v. State*, 818 N.E.2d 540 (Ind. Ct. App. 2004), *trans. granted*. The Indiana Supreme Court summarily affirmed this court's opinion insofar as it was determined that the evidence was sufficient to support Wright's convictions, but held that while several aggravating factors could be relied upon to support consecutive sentences, those aggravators could not be used to enhance Wright's sentences. The Court remanded for a new sentencing hearing. On September 1, 2005, the trial court reduced Wright's sentence from fifteen years on each count to ten years on each count and then

ordered the sentences on four counts to run consecutively for an aggregate sentence of forty years imprisonment.

[5] On March 28, 2014, Wright filed a Motion for Reduction of or a Suspension of Sentence pursuant to Ind. Code § 35-38-1-17. On April 30, 2014, the State filed an objection to Wright's motion. On May 7, 2014, the trial court requested a conduct report from the Department of Correction. A hearing on Wright's motion was held on July 18, 2014. The trial court denied the motion on August 18, 2014. This appeal ensued.

## Discussion & Decision

[6] Wright argues that the trial court abused its discretion in denying his motion to reduce or suspend his sentence. Wright maintains that the trial court ignored the intent of I.C. § 35-38-1-17, which, he asserts "presents a question of rehabilitation which must be considered not from the stand point of the initial sentencing decision but by the convicted person's conduct and achievements toward the desired goal of rehabilitation - reformation." *Appellant's Brief* at 8 (citing Ind. Const. art. 1, §§ 16 and 18).

[7] Before we address Wright's argument, we note the State, relying upon the version of I.C. § 35-38-1-17 in effect at the time of Wright's original sentencing and still in effect when Wright filed his request for modification, argues that the trial court did not have authority to modify Wright's sentence without the prosecutor's approval. *See* I.C. § 35-38-1-17(b) (2014) ("If more than three hundred sixty-five (365) days have elapsed since the convicted person began

serving the sentence and after a hearing at which the convicted person is present, the court may reduce or suspend the sentence, *subject to the approval of the prosecuting attorney*." (emphasis supplied)). This statute, however, was amended again and the current version, which went into effect on May 5, 2015 now "applies to a person who: (1) commits an offense; or (2) is sentenced; before July 1, 2014." *See* I.C. § 35-38-1-17(a) (2015); P.L. 164-2015. The amended statute further provides, in pertinent part, that a convicted person who is not a violent criminal[1] "may file a petition for sentence modification . . . without the consent of the prosecuting attorney." I.C. § 35-38-1-17(j). Another panel of this court recently considered the amended statute and held that "[i]n light of the legislature's clear intent that the statute be applied retroactively, we agree with the State that the amended statute applies to [defendant], whose appeal was pending when the retroactivity amendment went into effect."[2] *Vazquez v. State*, 37 N.E.3d 962, 964 (Ind. Ct. App. 2015). The same is true in this case. Wright's appeal was pending when the amended statute went into

---

[1] For purposes of this statute, "violent criminal" is defined in I.C. § 35-38-1-17(d). The State argues that the facts underlying Wright's crimes would constitute aggravated battery pursuant to Ind. Code § 35-42-2-1.5, and thus asserts that Wright should be deemed a violent criminal. *See* I.C. § 35-38-1-17(d)(6). If classified as a "violent criminal" under this statute, a convicted person "may not file a petition for sentence modification without the consent of the prosecuting attorney." I.C. § 35-38-1-17(k). In this appeal, we will not reclassify Wright's crimes as aggravated battery.

[2] In *Vazquez*, the defendant pleaded guilty in 2004 and filed his most-recent petition to modify his sentence in October 2014. The *Vazquez* court ultimately determined that the amended statute did not entitle the defendant to the relief sought because the defendant's request for modification was untimely as it was filed less than three months after his previous request for modification. The court noted the amended statute mandates this result in that it clearly provides that "[a] convicted person who is not a violent criminal may file a petition for sentence modification under this section . . . not more than one (1) time in any three hundred sixty-five (365) day period . . . ." I.C. § 35-38-1-17(j)(1).

effect. The prosecutor's consent was therefore not required in order for the court to have authority to consider Wright's request for modification of his sentence.

[8] We now turn to Wright's argument. A decision to grant or deny a motion for sentence modification is within the trial court's discretion. *Hawkins v. State*, 951 N.E.2d 597, 599 (Ind. Ct. App. 2011), *trans. denied*. An abuse of discretion will not be found unless the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on other grounds on reh'g*, 875 N.E.2d 218 (Ind. 2007).

[9] During the hearing on Wright's motion, Wright noted his many accomplishments while incarcerated, including completion of a self-help program and receiving an associate's degree in finance, as well as his good behavior and family support, in arguing to the court that he had been rehabilitated and was deserving of a modified sentence. In response, the State objected to any modification based "mostly [on] the nature of the crime." *Transcript* at 9. In its order denying Wright's motion, the trial court concluded that having considered the parties' arguments and the evidence before it, modification of Wright's sentence was "neither warranted nor appropriate." *Appellant's Brief* at 12.

[10] We reject the notion espoused by Wright that the court was limited to considering only his achievements and efforts at rehabilitation occurring after the initial sentencing decision. While such efforts are to be considered, the facts and circumstances of the crimes are undoubtedly important to consider when the court decides whether to modify a sentence. In fact, we have before held in considering a different statute allowing for sentence modification that "the heinousness of a person's crime alone can serve as the basis for denying a sentence reduction." *Myers v. State*, 718 N.E.2d 783, 789 (Ind. Ct. App. 1999); *see also Marshall v. State*, 563 N.E.2d 1341, 1344 (Ind. Ct. App. 1990) (balancing defendant's rehabilitative conduct against the aggravating circumstances in original sentencing order in affirming denial of motion to modify sentence), *trans. denied*. As our Supreme Court observed on direct appeal, "even in the substantial flow of cases reflecting child abuse, Steven V. Wright's appeal stands out." *Wright*, 829 N.E.2d at 929. Wright was the stay-at-home caregiver for four very young children, whom he battered and neglected over a substantial period of time, the alarming details of which are recounted above.

[11] The trial court's decision to modify, reduce, or suspend a sentence is entirely discretionary, and the fact that rehabilitation has begun does not compel a modification of the underlying sentence. Given the extreme depravity of Wright's crimes, we cannot say the trial court abused its discretion in denying Wright's motion to modify his sentence.

[12] Judgment affirmed.

Barnes, J., concur.

Robb, J., concurring in result with opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

Steven Wright,

*Appellant,*

v.

State of Indiana,

*Appellee*

January 12, 2016

Court of Appeals Case No.
49A05-1409-CR-426

Appeal from the Marion Superior
Court

**Robb, Judge, concurring in result**

The sentences for the crimes for which Wright was convicted (neglect of a dependent and battery) are, by law, modifiable. It is not the fact of the crimes themselves that cause me to agree they should not be modified. I do not believe the heinousness of the crime alone is sufficient to deny modification, if Indiana law has not excluded the crime from consideration. *See* Ind. Code § 35-38-1-17(d); *see also* slip op. at 5 n.1. I ultimately agree with the majority that the trial court did not abuse its discretion in denying Wright's motion for sentence modification. I agree based on a consideration of the facts of his crime—specifically his position of trust over four small children and the severity of the

damage he inflicted on them—and his efforts at rehabilitation since—which are admirable but do not appear targeted toward his ability or willingness to resist abusing such a position of trust in the future.  I respectfully concur in result.